GENERAL ELECTRIC CO. v. YOST ELECTRIC MFG. CO. et al.

(Circuit Court of Appeals, Second Circuit.   May 24, 1905.)

No. 149.

1. PATENTS—INVENTION.
    Merely making in one piece what was before made in two does not constitute patentable invention, nor does it because of the fact alone that the one-piece device is cheaper or more durable, when such results are merely such ordinary consequences of dispensing with joints as would naturally be anticipated by a workman.

2. SAME—NEW FUNCTION.
    The assertion of a new function or effect, to give patentability to a device, should only be sustained upon proof of novel or unexpected properties or uses capable of producing novel results.

3. SAME—INSULATING LINING FOR LAMP SOCKETS.
    The Painter patent, No. 718,378, for an insulating lining used in incandescent lamp sockets and a process of making the same, so far as relates to the claims covering the product, is void for lack of patentable invention.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 131 Fed. 874.

Charles Neave and Richard N. Dyer, for appellant.

Marcellus Bailey, for appellees.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge.   The court below reached the conclusion that "complainant's device consists merely in making in one piece that which was formerly made in two parts, and performs no new function"; and that "the production of a seamless insulating lining having a shoulder intermediate its length required nothing more than the knowledge of the trained engineer or workman." The correctness of this conclusion is challenged on the following grounds: "The fact that Painter's lining is made in one piece is only incidental.  The important fact is that Painter's lining is made without open seams or breaks exposing the metallic shell to electrical contact from the inside, * * * the important thing being the continuity of the insulating barrier," which introduced "a new construction, involving a new function," dependent upon "the discovery that a thin sheet-like tube of insulating fiber could be subjected to this character of compression," etc.; and that this was not obvious, but "involved the exercise of the inventive faculty." That the contention as to the one-piece lining is not the one insisted on by appellant in the Patent Office appears from the following statement of his attorney after the rejection of some 18 claims by the examiner:

"It is submitted that applicant is entitled to such claims as will protect him against the use by infringers of any one-piece lining of insulating material of substantially the character described, which is provided with a shoulder intermediate the ends to fit the shoulder of the shell, it being immaterial whether the lining be formed from a closed cylinder or from a flat strip such as that shown in the Perkins patent."

This construction would cover every one-piece lining of the confessedly old material if made in the patented shape, whether it did or did not have seams.  That this construction was not dependent upon a new discovery is proved by the Taylor patent of 1885, where the patentee, describing his process of manufacturing vulcanized wheels, says:

"Vulcanized fiber wheels have heretofore been largely used for various purposes in machinery. * * * My present invention consists primarily in making the rollers by cutting the blanks from a sheet or block of the material and then forming the wheel under heavy pressure in a die of the desired shape. I have discovered that by this method the material behaves very well, and 'flows' in the die so as to fill the die completely and assume permanent lasting shape."

The patentee of the patent in suit says:

"I have discovered that it is possible to work insulating material—such as fiber, hard rubber, etc.—by a treatment that is not applicable to metal, and to work a simple cylinder into fairly complex forms by dies suitably shaped."

That this statement is erroneous is proved. The identical process in making cartridge shells is described in the Salisbury & Wells patent of 1875, and in practically the identical language of the patentee herein.

The single question herein is whether this new construction "involved the exercise of the inventive faculty." The prior art shows and the patent admits that such a lining in two pieces was old. That it does not involve invention merely to make such a lining in one piece is well settled. Howard v. Detroit Stove Works, 150 U. S. 164, 14 Sup. Ct. 68, 37 L. Ed. 1039; Standard Caster & Wheel Co. v. Caster Socket Co., 113 Fed. 162, 51 C. C. A. 109. Nor would the mere fact that the one-piece device was cheaper or more durable constitute invention when such results were merely such ordinary consequences of dispensing with joints as would naturally be anticipated by the workman. Manufacturing Co. v. Holtzer, 67 Fed. 907, 15 C. C. A. 63. In Standard Caster & Wheel Co. v. Caster Socket Co., supra, the court says:

"In Manufacturing Co. v. Holtzer, 67 Fed. 907, 15 C. C. A. 63, the Circuit Court of Appeals for the First Circuit held that the right to improve on prior devices by making solid castings in lieu of attached parts is so common and universal in the arts as to cast a heavy burden upon any one claiming patentability for such an improvement to show special reasons in support of his claim."

Counsel for complainant, however, invokes the application of the rule that invention may be predicated upon the discharge of a new function, and he repeatedly asserts that the new one-piece construction did involve a new function. It is nowhere distinctly stated what this new function is, but from expressions found in complainant's brief it would seem to be based on the fact that the lining being free from open seams prevented the wires from coming in electrical contact with the outer shell. This was not new, because the old one-piece lining effected the same result in the same way, the only difference being one of shape. It is not always clear what is meant by the use of this elastic and indefinite word "function." But it is thought that the assertion of a new function or effect should only be sustained upon proof of novel or unexpected properties or uses capable of producing novel results. Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, 23 L. Ed. 952. We are not aware of any case where a claim for a new function has been sustained in the absence of such element of novelty or unexpectedness. We concur in the conclusion of the court below that such well-understood and obvious necessary effect of the elimination of joints as the prevention of electrical contact at the point where there was a joint is in no sense a new function or novel use, and cannot be invoked to sustain the broad claims of this patent, which merely covered the making in one piece from old material by means of an old process the old shape formerly made in two pieces, without thereby disclosing any new discovery or accomplishing any novel result.

The decree is affirmed, with costs.