### BALL BEARING CO. v. STAR BALL RETAINER CO.

#### (Circuit Court, E. D. Pennsylvania. August 2, 1906.)

#### No. 28.

1. PATENTS—INFRINGEMENT—BALL BEARINGS.

   The Simonds patents, No. 449,968 and No. 449,959, each for an improvement in ball bearings, construed, and, as limited by the prior art to the precise structure shown, are neither of them infringed by the device of the Keiper patent, No. 686,617.

2. SAME—TESTS OF INFRINGEMENT—INTERCHANGEABILITY.

   The interchangeability in use of two devices is an important test in determining the question of infringement.

   [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 370–381.]

In Equity. On final hearing.

Augustus B. Stoughton, for complainant.

Julian C. Dowell, for respondent.

HOLLAND, District Judge. This suit is brought for the purpose of restraining the defendant from an alleged infringement of two patents, Nos. 449,968 and 449,959, issued to George F. Simonds April

7, 1891, for improvements in ball bearings. They relate to bearings in which spherical rollers or balls are employed to diminish friction. The first, No. 449,968, relates to that class of ball bearings in which spherical rollers or balls are employed to resist end pressure or thrust, and the second, No. 449,959, to that class of ball bearings in which rollers or balls are employed with free lateral play while in use to resist radial pressure.

The patentability is disputed and infringement denied as matters of defense. It will be necessary to consider only the latter, as I am of the opinion that the evidence clearly shows the defendant's device is entirely dissimilar from those made in accordance with the patents in suit. The prior art in this class of invention shows the field to have been well covered by prior patents down to the time the Simonds patents, which now belong to the plaintiff, were issued, and the plaintiff is therefore restricted to the precise device described in his patent. The language of Justice Shiras in Boyd v. Janesville Hay Tool Co., 158 U. S. 260, 15 Sup. Ct. 837, 39 L. Ed. 973, is applicable to the facts in this case:

"Coming as he does in the train of numerous inventors that had preceded him, whose inventions had been patented and put into practical use, we must conclude that Boyd, if entitled to anything, is only entitled to the precise devices described and claimed in his patent. Of course, it follows that if the defendant's specific devices are different from those of Boyd, no combination of such devices could be deemed an infringement of any combination claimed by Boyd."

And even though the two devices produced the same effect, so long as they are not primary patents and there is no substantial identity in the character of the two combinations, there is no infringement of the earlier patent. Singer Company v. Cramer, 192 U. S. 265, 24 Sup. Ct. 291, 48 L. Ed. 437. An examination of the devices clearly shows that there can be no interchangeability in their use, and the evidence is to the same effect. This is an important test in determining the question of infringement. Miller v. Eagle Mfg. Co., 151 U. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121; Fay v. Mason, 127 Fed. 325, 62 C. C. A. 159.

The claims of patent No. 449,968 are as follows:

"(1) An annular ball-retaining cage consisting of a tubular body having a central opening to receive a central support and provided with flanges having lateral openings that surround the central opening, in combination with spherical rollers or balls that are held in said cage and project through said lateral openings to resist end pressure or thrust, said balls being arranged to revolve freely in all directions and removable in a body with the cage, substantially as described.

"(2) An annular ball-retaining cage consisting of a central tubular body having end flanges provided with lateral openings, in combination with spherical rollers or balls that are held between said flanges and project through the lateral openings to resist end pressure or thrust, substantially as described.

"(3) In a ball bearing, the combination, with a central support, of a removable annular cage consisting of a tubular flanged body provided on opposite sides with lateral openings, and a series of spherical rollers or balls confined in said cage in such a manner as to revolve freely in all directions and projecting therefrom in position to resist end pressure or thrust, said cage and balls being removable in a body, substantially as described."

It will be seen that in each claim there is a distinct specification of the tubular body having flanges in which there are lateral openings, and that the balls project through said lateral openings to resist end-pressure or thrust.

The claim in No. 449,959 which it is alleged has been infringed by the defendant is as follows:

"In a ball bearing, the combination, with spherical rollers or balls, of a removable annular cage in which the balls are retained in a body and in which they have free lateral play and are capable of revolving in all directions, said cage being independent of the bearing surfaces, against which the balls act and between which said cage is adapted to move, whereby the said balls are free to move in varying lines, so that all parts of the bearing surfaces will be subject to the rolling contact of said balls and the wear and friction distributed, substantially as described."

The object of this invention is to provide an improved annular cage independent of the bearing surface, and in which the balls for sustaining or resisting radial pressure will be retained in a body so as to be removable with the cage and capable of revolving in all directions with free lateral play, whereby they are free to move in varying lines in such a manner that all parts of the bearing surface will be subject to the rolling contact of said balls, and the wear and friction evenly distributed and reduced to a minimum. Claim 2 of this patent, for the use of the device in claim 1 in combination with a device for resisting radial pressure and end thrust, is not alleged to be infringed by the defendant.

The records of the Patent office in evidence show that claim 1 of this patent must be confined to a removable annular cage in which the balls are retained in a body, and have "free lateral play," and are capable of "revolving in all directions," said cage being independent of the bearing surface, against which the balls act and between which the said cage is adapted to move, whereby the said balls are "free to move in varying lines, so that all parts of the bearing surface will be subject to the rolling contact of the balls and the wear and friction distributed, substantially as set forth." A number of claims had been submitted and rejected, until the one now found in this patent was finally adopted and approved, which is restricted to a device for resisting radial pressure where the balls have "free lateral play" and move "in varying lines."

The defendant's device is manufactured under letters patent issued to H. B. Kieper November 12, 1901, and is now owned by the defendant company. The preferred form of this invention, as set forth in the specifications, is "a ball-retaining device consisting of a ring-shaped portion or base constructed integrally with a series of standards rising or springing from its inner edge in the plane of the axis of the ring and terminating in flaring or sector-shaped flanges, which are arranged at right angles to the standard proper, and overlie or extend transversely of said ring, the latter having its outer edge upturned, so that the balls may be sprung into the spaces formed for receiving and confining them between adjacent standards and be held in such spaces by contact with said upturned edge and outturned flanges when the retainer is removed from the ball-race or bearing." The charac-

teristics and distinguishing features of defendant's ball retainer are a circular base having a series of standards rising or springing from its inner edge only, said base being imperforate and concave, or having its outer edge upturned, and said standards having sector-shaped or flaring ends, which are bent or turned outwardly, so as to overlie the circular base, whereby suitable spaces are formed for receiving and confining a ball between each pair of standards; the balls being inserted by forcing them into the spaces past the points of the sectoral portions of the standards, which yield sufficiently for this purpose and snap back into place, so as to confine the balls in said spaces and prevent them from dropping out when the retainer is removed from the bearings, but permitting the removal and reinsertion of the balls without dismembering or mutilating the retainer. Defendant's device differs materially in structure from the Simonds patents, and neither is capable of use in the same situation or for the same purpose as that for which the other is specifically intended.

The device of Patent No. 449,968 has a central tubular body, which is provided with end flanges, each having lateral openings therein, and spherical rollers or balls, which "project through said lateral openings to resist end pressure or thrust." The only points of contact permitted by this construction are at diametrically opposite sides of the cage, contact being made at such points with the plane vertical surface of a stationary box in which the shaft is supported and the corresponding surface of a collar or shoulder on the shaft. The device claimed under patent No. 449,959 is intended to sustain or resist radial pressure, and consists of a cage made by drilling an annular series of chambers in a ring or hollow cylinder of suitable metal; said chambers being extended from one side of said ring nearly to its other side. The chambers are open on the periphery and corresponding inner surface of the annular cage, and are closed at one end by the solid uncut portion of the cylinder and at the other end by a removable cap, which is arranged to permit the insertion and removal of spherical rollers or balls, and to confine or retain them in place within the cage, so that they can be readily manipulated in a body. Between the chambers are the arms or crosspieces, which form the walls of the said chambers and afford attachment for the cap, which is provided with orifices to engage pins on the ends of said arms or crosspieces. The capacity of these chambers is such as to allow the spherical rollers or balls free lateral play, so that they will constantly present new bearing surfaces, and will shift their position to roll on and bear against a more extended area of the concentric sleeves, thus reducing the liability of wear to a minimum, besides diminishing friction and sustaining the required radial pressure.

In the first Simonds patent both sides of the flanges are provided with apertures for the balls, so that each ball can project on both sides of the retainer and come in contact with both sides of the bearing surface, so that the end thrust or pressure is directly transmitted through the balls in lines parallel with the axis or rotation of the rotary part; and in the defendant's device a conical bearing surface passes through the base of the ring and comes in contact with the

balls, the balls coming in contact with the other bearing surface only at a point or points farther from the axis of rotation than the points where they contact with the cone. Hence, in the use of the defendant's retainers, the direction of thrust is at an angle to the axis of rotation and not parallel with it. There can, therefore, be no interchangeable use of these devices. The defendant's construction serves an entirely different purpose from that of the plaintiff, and is not a competitive device.

The conclusion at which we arrive is that the Star ball retainer, manufactured by the defendant, does not infringe any claim of either patent belonging to the plaintiff in this case, and the bill is therefore dismissed.