BALL BEARING CO. v. STAR BALL RETAINER CO.

(Circuit Court of Appeals, Third Circuit. December 6, 1906.)

No. 26.

PATENTS—INFRINGEMENT—BALL BEARINGS.

The Simonds patents, Nos. 449,968 and 449,959, for ball bearings, narrowly construed, as required by the prior art, *held* not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 147 Fed. 721.

A. B. Stoughton, for appellant.

Julien C. Dowell, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. This is an appeal from a decree dismissing a bill in equity, in which the appellant charged the appellee with infringement of two patents belonging to the appellant, viz., patents No. 449,968 and No. 449,959, both dated April 7, 1891, and issued to George F. Simonds, for "Improvements in ball-bearings."

The claims of patent No. 449,968 are as follows:

"(1) An annular ball-retaining cage consisting of a tubular body having a central opening to receive a central support and provided with flanges having lateral openings that surround the central opening, in combination with spherical rollers or balls that are held in said cage and project through said lateral openings to resist end pressure or thrust, said balls being arranged to revolve freely in all directions and removals in a body with the cage, substantially as described.

"(2) An annular ball-retaining cage consisting of a central tubular body having end flanges provided with lateral openings, in combination with spherical rollers or balls that are held between said flanges and project through the lateral openings to resist end pressure or thrust, substantially as described.

"(3) In a ball-bearing, the combination, with a central support, of a removable annular cage consisting of a tubular flanged body provided on opposite sides with lateral openings, and a series of spherical rollers or balls confined in said cage in such a manner as to revolve freely in all directions and projecting therefrom in position to resist end pressure or thrust, said cage and balls being removable in a body, substantially as described."

Patent No. 449,959 contains two claims; but the first only is alleged to have been infringed. It is as follows:

"(1) In a ball-bearing, the combination, with spherical rollers or balls, of a removable annular cage in which the balls are retained in a body and in which they have free lateral play and are capable of revolving in all directions, said cage being independent of the bearing-surfaces, against which the balls act and between which said cage is adapted to move, whereby the said balls are free to move in varying lines, so that all parts of the bearing-surfaces will be subject to the rolling contact of said balls and the wear and friction distributed, substantially as described."

The Circuit Court based its decree wholly upon its finding that the defendant below had not infringed any of these claims, and as we concur in that finding, the validity of the patents need not be questioned. We assume the validity of both of them; but that this may be reason-

ably done, they must be narrowly construed, for the record before us makes it plainly apparent that the prior state of the art requires the limitation of each of them to the precise devices mentioned in its claims. Boyd v. Janesville Hay-Tool Company, 158 U. S. 260, 15 Sup. Ct. 837, 39 L. Ed. 973.

The claims of patent No. 449,968 all specify a tubular body having flanges with lateral openings, through which the balls project to resist end thrust. The construction alleged to infringe has no such flanges, and does not appear to be designed or adapted to resist end thrust, but to oppose radial pressure. Claim 1 of patent No. 449,959 calls for an annular cage in which the balls have "free lateral play" and are "free to move in varying lines." This freedom to move is an essential feature of the first claim of that patent, and it seems to us to be lacking from the construction complained of.

Upon the grounds stated, we think it clear that the court below was right in holding that the charge of infringement had not been sustained as to either of the patents sued on; and the opinion of the learned judge of that court (147 Fed. 721) is so entirely satisfactory as to render any further discussion of the case unnecessary.

The judgment is affirmed.