KEEPERS v. AMERICAN ELECTRIC FUSE CO.

(Circuit Court, S. D. New York. February 14, 1910.)

1. PATENTS (§ 23*)—INVENTION—UNITING OF PARTS.
      Invention is not disclosed by merely making in a single piece a device
   or connection which previously had been made of separate parts.
      [Ed. Note.—For other cases, see Patents, Cent. Dig. § 25; Dec. Dig.
   § 23.*]

2. PATENTS (§ 328*)—CONSTRUCTION AND INFRINGEMENT—METHOD OF CONNEC-
   ING ELECTRIC WIRES.
      The De Mott patent, No. 521,018, for a connection for electric wires, is
   limited to the precise structure shown. As so construed, held not in-
   fringed.

In Equity. Suit by William M. Keepers against the American Elec-
tric Fuse Company. On final hearing. Decree for defendant.

W. P. Preble, Jr., for complainant.

Peirce, Fisher & Clapp and Kerr, Page, Cooper & Hayward (George
P. Fisher, Jr., and Drury W. Cooper, of counsel), for defendant.

HAZEL, District Judge. The patent in suit, No. 521,018, issued to
James Y. De Mott, on June 5, 1894, relates to a connection for electric
wires. It is not deemed necessary to enter into a lengthy discussion
of the questions involved, and I will state briefly my conclusions.

In view of the prior state of the art, the scope of claim 1, in con-
troversy, must be restricted to an open joint, which is formed by turn-
ing a single piece of metal to form a substantial loop, leaving the edge
open so that jointure may be made by crimping or pressing after the
wires have been run through the tubing. It was old at the date of the
invention to run electric wires through two rigid tubes or sleeves joined
together. Such a device for inserting the ends of telegraph wires was
first shown in the McIntire patents, Nos. 291,211 and 347,625. It was
old to use an open joint connection made out of a single piece of metal,
as may be ascertained by an examination of drawing, Fig. 7, of McIn-
tire patent, No. 347,625, and the patents to Coleman, No. 468,293, and
Hering, No. 379,221. The patent to Smith, No. 198,471, suggests the
idea of turning the ends of the metal into a central rib or web of the
plate to make double tubes. Moreover, it has been held that inven-
tion is not disclosed by merely making in a single piece a device or con-
nection which previously had been made of separate parts. General
Electric Co. v. Yost Electric Co. (C. C.) 131 Fed. 874, affirmed 139
Fed. 568, 71 C. C. A. 552.

The file wrapper of the De Mott patent, in evidence, indicates that
originally there were broad claims insisted upon by the patentee; but
eventually he accepted narrow claims, which in my estimation restrict
the invention to the precise method described—i. e., forming an open
joint at the inner edge of the tube out of a single piece of metal. The
De Mott patent has not gone into use, and its novelty cannot be tested
by its success. But, assuming novelty and a limitation of the claims
by the Patent Office, the defendant does not infringe claim 1, for it

uses a closed tube, as distinguished from one that is open for the purpose of making a joint after the wire is imbedded in the tube. The edges of the tube and the rib are brazed, and when the wires have been run through the tubes are twisted to tightly inclose and hold them.

A decree may be entered dismissing the bill, with costs.