W. F. & JOHN BARNES CO. v. VANDYCK CHURCHILL CO. et al.

(Circuit Court of Appeals, Second Circuit.   March 10, 1914.)

No. 157.

PATENTS (§ 328*)—INVENTION—DRILLING MACHINE.

The Barnes patent, No. 862,861, for a drilling machine, which covers a combination with old elements of a brace to strengthen the framework of the machine, having no functional relation to the other parts, is void for lack of invention.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the W. F. & John Barnes Company against the Vandyck Churchill Company, a corporation, and others.   Decree for defendants, and complainant appeals.   Affirmed.

See, also, 213 Fed. 637.

The following is the opinion of the District Court, by Mayer, District Judge:

The suit is for infringement of United States letters patent No. 862,861, granted to John S. Barnes, assignor of complainant, on August 6, 1907, for a drilling machine.

The object of the alleged invention is "to construct a drilling machine frame of great strength by the employment of a suitable diagonally arranged backbone or brace extending substantially parallel with the driving shaft."

The single claim of the patent is as follows:

1 "In a drilling machine, the combination of (1) a base, (2) a frame connected with the base, (3) a drill spindle supported by the frame, (4) a driving shaft having a driving connection with the drill spindle and located diagonally with respect to the drill spindle, and (5) a backbone or brace extending substantially parallel with the driving shaft and connecting the base with the upper portion of the frame."

1, 2, 3, and 4 are old in the art.   As to 4, see especially Dalin No. 462,397, November 3, 1891, and Wessman No. 697,581, April 15, 1902.

The sole question is whether invention is to be found in the combination with these old elements of a brace extending substantially parallel with the driving shaft and connecting the base with the upper portion of the frame.

Upright drills are constructed with the frame consisting of an upright column, having a lateral offset to bring the drill spindle over the work, and this offset receives the upward thrust transmitted from the drill through the drill spindle.

In heavy work, the thrust of the tool may create a tendency to bend the upright column in its upper portion if the work is placed on the table supported by the column or to bend the column and to upset or tip the column at its point of connection with the base of the drill if the work is placed on the base.   Under such conditions, a brace is obviously necessary.

Unless there is a functional relation between the brace and other parts of the drill, the form of the brace and its position and direction are merely matters of mechanical skill.

The experts in this case (doubtless able men) are not practical workmen in this art, and their testimony amounts to nothing more than arguments duly verified.

Even a layman, I think, can conclude from a study of the patent in suit, the Barnes Drill Company's drill, and the prior art, that there is no functional

1 Note: For convenience I have numbered the elements of the asserted combination.

relation between the brace in question, and the diagonal driving shaft or any other part of the drill.

The brace is merely a strengthener of the framework of the drill and in purpose, character, and expected result, not beyond the skill of one familiar with the manufacture of drills of this type.

If there were any doubt in this regard, complainant has not adduced testimony to resolve that doubt in its favor. There is nothing to show a striving for the solution of a problem nor the filling of a "long felt want." There is no evidence of commercial utility; for complainant has not only not manufactured drills under the patent, but has not even built a drill for experimental or demonstrative purposes. It is said on behalf of complainant that it did not desire to create a market for such a drill under its name until the validity of the patent was unassailable; but, in view of the high standing and financial ability of complainant, I am inclined to conclude that, if it had strong convictions on the subject, it would not have waited for the end of a lawsuit to put a commercial invention on the market.

For want of invention, the bill is dismissed, with costs.

Offield, Towle, Graves & Offield, of Chicago, Ill. (C. K. Offield, of Chicago, Ill., of counsel), for appellant.

Luther L. Miller, of Chicago, Ill. (Duncan & Duncan, of New York City, and Lincoln B. Smith, of Chicago, Ill., of counsel), for appellees.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. Decree affirmed on the opinion of Judge Mayer.

---

W. F. & JOHN BARNES CO. v. VANDYCK CHURCHILL CO. et al.

(Circuit Court of Appeals, Second Circuit. March 10, 1914.)

No. 158.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the W. F. & John Barnes Company against the Vandyck Churchill Company and others. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 207 Fed. 855.

Offield, Towle, Graves & Offield, of Chicago, Ill. (C. K. Offield, of Chicago, Ill., of counsel), for appellant.

Luther L. Miller, of Chicago, Ill. (Duncan & Duncan, of New York City, and Lincoln B. Smith, of Chicago, Ill., of counsel), for appellees.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. Decree affirmed on the opinion of Judge Mayer, 207 Fed 855.