### MILLER PASTEURIZING MACH. CO. v. RICH.

(District Court, W. D. New York. June 11, 1914.)

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—ICE CREAM FREEZER.
    The Hoefler & Schantz patent, No. 921,837, for an ice cream freezer, was not anticipated, discloses a patentable combination of old and new elements, and is entitled to a reasonably liberal construction, also *held* infringed.

2. PATENTS (§ 234*)—INFRINGEMENT—TESTS—INTERCHANGEABILITY OF PARTS.
    The interchangeability of parts in two structures is a good test in determining the question of infringement.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 370, 381; Dec. Dig. § 234.*]

In Equity. Suit by the Miller Pasteurizing Machine Company against Paul J. Rich. On final hearing. Decree for complainant.

Edward R. Alexander, of Washington, D. C. (Geo. B. Pitts, of Washington, D. C., of counsel), for complainant.

James L. Norris, of Washington, D. C. (C. A. Bateman, of Washington, D. C., of counsel), for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HAZEL, District Judge. [1] This action relates to the infringement by the defendant of letters patent No. 921,837, dated May 18, 1909, granted to Alexander G. Hoefler and Karl W. Schantz, for an ice cream freezer, wherein the refrigeration of the cream is produced by circulating brine through a jacket surrounding the ice cream container. The object of the patentees was to assemble the freezing instrumentalities in such a way as to enable the freezer to be readily dismembered for cleaning and quickly emptied of the frozen contents without interrupting the flow of the brine. To accomplish their object they supported the freezer at the bottom, and provided suitable connections between the refrigerating jacket, the brine supply, and the discharge pipes.

The single claim in controversy is descriptive of an upright ice cream freezer possessing old elements and new elements, the latter consisting of swinging or rotary joints for connecting the supply and discharge pipes with the refrigerator jacket. The swing joints of the patent in suit are shown to consist of rotary casings connected with the upper end of the refrigerating jacket and located on opposite sides thereof to secure the immovability of the connecting parts and pivoting. The inlet swing joint is provided with an axial passage and the outlet swing joint with a radial passage opening into the interior of the casing.

Although the various elements of the claim are old, they had not heretofore been combined to achieve the result, obviously in the minds of the patentees herein. In view of the prior devices the inclusion of the swinging joints as elements in an old combination was new and useful, and performed a new function, enabling the brine in the brine jacket to flow in a radial and axial direction, and permitting the container to be quickly emptied and the interior parts quickly cleaned without interrupting the flow of the brine. By means of the pivot arrangement the frozen cream can be withdrawn at the bottom of the freezer in an exceedingly short period of time and the can cleaned. I am of the opinion that by the addition of the swinging joints and their arrangement with the inlet and discharge pipes, even though the joints were of a standard design, the patentees modestly progressed the art of manufacturing ice cream, and to do this involved invention. With the exception of reference to the Gerner patent, to which attention will later be directed, the record makes no disclosure of prior ice cream freezers of the vertical type which could be tilted by pivoting at the bottom, and in the tilting operation carry with them the connecting parts and pipes. Slight as the improvement was, it unquestionably attained favor with the manufacturer of the machine used by the defendant, who appropriated the swinging joint feature of complainant's combination, and by its adaptation achieved the same result as complainant in relation to the axial and radial flow of the brine and the nondisturbance thereof. Furthermore, by the arrangement and connection of pipes and coacting parts a tilting of the can on its pivot was secured in substantially the same way as in complainant's patent. Indeed it appears that the Dairy Machinery Construction Company, manufacturer of defendant's machine, first learned of the Hoefler & Schantz invention from patterns furnished it by the patentees for the purpose

of making the structure. In fact in March, 1907, the company built a freezer for the patentees. While some changes—patentable improvements perhaps—were made by this company in the manufacture of the infringing machine (Exhibit 6), the structure nevertheless embodies every element of claim 2 in suit, and infringement thereof is not avoided by such changes or improvements.

[2] In the machine used by the defendant, a freezer of the upright type, by somewhat different instrumentalities from complainant's the freezer can is tilted on bottom pivots. There is a double swinging joint inclosed in a rotative casing attached to the side of the can which has two chambers, one being a connecting medium for a stationary plug from the inlet pipe, and the other from the discharge pipe. When the can is being tilted the interior parts remain stationary as in complainant's structure. By this arrangement the double swinging joints and connecting parts in combination with the other elements perform the same function as in complainant's machine, operating in precisely the same way and producing the same result. There is no doubt in my mind but that by a very simple mechanical change in the pipe fitting, the swinging joints of complainant's and defendant's structures might be operated interchangeably, which of course is a good test in determining the question of infringement. Ball Bearing Co. v. Star Ball Retainer Co. (C. C.) 147 Fed. 721; Miller v. Eagle, 151 U. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121. In accordance with a reasonable construction of the claim in dispute—a construction to which it seems to me it is entitled—it is not thought that any material difference in the two structures is created by the unison of two elements in one, i. e., the double joint of defendant's machine operated on one side only of the freezer, in place of complainant's separate swinging joints located on opposite sides of the can, or that infringement is thereby avoided. General Electric Co. v. Yost Electric Mfg. Co. (C. C.) 131 Fed. 874, affirmed 139 Fed. 568, 71 C. C. A. 552.

In my opinion there is nothing anticipatory in the prior art requiring a strict construction of claim 2. In prior ice cream freezers of the horizontal type there may be seen many of the precise elements contained in the complainant's patent, but in neither the horizontal nor the upright types are discerned the combination of old elements in suit, together with the new element of a separate swinging joint. The novelty and usefulness of the claim resides chiefly in the adaptation of the swinging joints to permit tilting the can without interrupting the flow of the brine in the jacket which surrounds the cream receptacle. In using a double joint on one side of its machine, instead of separate joints on opposite sides, the defendant simply attempted an evasion of the Hoefler & Schantz patent.

There was considerable discussion at the trial regarding the patent granted to Gerner, August 20, 1907, on application filed November 12, 1906, and defendant claims that as Gerner shows a tiltable ice cream freezer, the claim in suit must be strictly construed. But notwithstanding such feature Gerner's method of producing ice cream is different from complainant's, and his tilting of the freezer is for emptying purposes, and not to facilitate cleaning the inside or removing the

mechanical parts therefrom. Moreover, the Gerner freezer is without the swinging joints which are the subject of this controversy, and accomplishes a different result than that attained by patentees herein.

There were other questions argued arising out of the action of the Patent Office, as shown by the file wrapper, from which a strict construction of the claim is contended, and there was also testimony to show that the Hoefler & Schantz patent antedated the Gerner patent, but in view of what has already been stated herein, such matters do not require attention. The claim in suit is thought valid and infringed by defendant, and a decree for complainant may therefore be entered, with costs.