### BECKER v. MILLER PASTEURIZING MACH. CO.

(Circuit Court of Appeals, Third Circuit. March 5, 1917.)

No. 2160.

1. PATENTS ☞328—INVENTION—ICE CREAM FREEZER.
   The Hoefler and Schantz patent, No. 921,837, for an ice cream freezer, *held* void for lack of patentable invention.

2. PATENTS ☞26(2)—INVENTION—COMBINATION OF OLD ELEMENTS.
   While a combination of old elements may be patentable, it is only so if the old elements have been so combined as to operate in a new way or to produce a new and useful result.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 29.]

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Suit in equity by the Miller Pasteurizing Machine Company against John J. Becker. Decree for complainant, and defendant appeals. Reversed.

Farrell & Freeman, of Wilkes-Barre, Pa., and Henry D. Williams and William S. Pritchard, both of New York City, for appellant.

Edward R. Alexander, of Cleveland, Ohio, for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

McPHERSON, Circuit Judge.    [1] The Miller Pasteurizing Machine Company is the owner of letters patent No. 921,837, issued to Hoefler and Schantz on May 18, 1909, and charges the defendant Becker with infringing the second claim.   Without discussing the evidence, the District Judge held the claim to be valid and infringed, following a decision in the Western District of New York.   Miller v. Rich (D. C.) 216 Fed. 192.   As the record in that case was not offered in the court below, and has not been laid before us on appeal, we are left in a good deal of doubt concerning the weight it should receive.   In any event, however, the evidence as we now have it seems to us to indicate a different conclusion, for which we may briefly state the reasons.

The art to which the patent relates is:

"That class of ice cream freezers which are driven by power and in which the refrigeration is effected by circulating brine or similar medium through a jacket which surrounds the cream receptacle."

And the object of the invention is:

" * * * To produce an ice cream freezer of this character which has large capacity, which can be readily assembled for use or dismembered for cleaning, which can be quickly emptied of its frozen contents and securely closed for confining the material to be frozen in the freezing chamber, and which has the connection between the refrigerating jacket and the brine supply and discharge pipes so constructed that the cream can and connecting parts may be tilted for cleaning and other purposes without interrupting the flow of the brine."

In order to attain this object the patentees devised and claimed the following described machine:

"2. An ice cream freezer, comprising a support, an upright cream can having its bottom pivoted to said support to turn vertically, a refrigerating jacket surrounding said can, stationary refrigerating liquid supply and discharge pipes, a swinging or rotary joint for connecting said supply with the refrigerating jacket consisting of a casing connected with said supply pipe and a rotary plug turning in said casing and connected with said bottom and having an axial passage which communicates with the lower end of said refrigerating jacket on one side thereof and a radial passage which opens into the interior of said casing, and a swinging or rotary joint connecting said discharge pipe with the refrigerating jacket consisting of a rotary casing communicating with the upper end of said refrigerating jacket on the opposite side thereof and a stationary plug upon which said rotary casing turns and which is connected with said discharge pipe and has an axial passage communicating therewith and a radial passage opening into the interior of the casing, the axes of said swinging joints and the pivot of said can being in line, substantially as set forth."

[2] With one exception all the elements named in this narrow and specific claim are old in the art (see patents to Miller, to Walker, and to Thompson);   and the new element—namely, the swinging joint with axial and radial passages—is an old and well-known device, although it had not as yet been used in the construction of freezers. Evidently, therefore, the claim is for a combination or a subcombination of old elements, and in such a situation the rule is that, while

the combination may still be patentable, a patent should only be granted if the old elements have been so combined as to operate in a new way, or to produce a new and useful result. Tried by this established test, we think the claim in suit cannot be upheld. Every element therein described operates in the same way as before, and, while the result is not precisely the same, the difference is so slight that we do not feel justified in pronouncing the machine either new or useful in a patentable sense. So far as appears, the chief, if not the only, advantage in the construction lies in the fact that when the scraping knives need sharpening—and they need it only about once a week—they are more accessible and can probably be removed more conveniently from a machine that tilts than from a machine that is fixed in place. In other respects we do not see that the patent affects the usual operation of a freezer in any degree that needs attention. The brine flows in the same way and by the same course; the mixture to be frozen is the same and is subjected to the same cold; it is removed in the same way, and its quantity and quality are apparently what they were before. Neither is the patented combination used even in the frequent cleaning of the freezer; this is accomplished by an old method, which requires no tilting of the can. In short, the evidence discloses nothing more than this; the product is unchanged, and so is the mode of operation, except that the tilting of the freezer permits the knives to be taken out somewhat more rapidly and conveniently.

Believing this to be insufficient to sustain the patent, we direct the decree to be reversed, and the bill dismissed.