**BRYANT ELECTRIC CO. v. HARVEY HUBBELL, Inc.**

(Circuit Court of Appeals, Second Circuit. May 26, 1920.)

No. 222.

1. Patents ☞25—Difference between "aggregation" and "combination" is substantial.

  The difference between aggregations and combinations is not academic, but is substantial, and frequently affords a valuable test of invention; the essentials of a combination being that the various elements coact with each other.

  [Ed. Note.—For other definitions, see Words and Phrases, First Series, Aggregation; First and Second Series, Combination.]

2. Patents ☞328—1,169,613, for electric appliance plug, held not to disclose invention.

  The Burton patent, No. 1,169,613, for an electrical appliance plug adapted for use with caps in which the knife blades were either parallel or tan-

dem, merely by having four openings for the knife blades, instead of two, *held* void for lack of invention.

Appeal from the District Court of the United States for the District of Connecticut.

Suit for infringement of patent by the Bryant Electric Company against Harvey Hubbell, Incorporated. Decree for defendant, and plaintiff appeals. Affirmed.

Action is upon Burton patent, No. 1,169,613, issued January 25, 1916, for an "attachment plug receptacle." Claims 1 to 3 are in suit; of these the second is a sufficient definition of invention, and is as follows:

"An attachment plug receptacle having a pair of base plates and receiving terminal means thereon having contacts suitably arranged to engage either substantially parallel or substantially tandem jack blades on a co-operating plug."

All the claims before the court, and indeed all the claims of the patent, contain the same description of the result to be reached by "arranging" contacts, viz.: They are to be collocated so as "to engage either substantially parallel or substantially tandem jack blades." The lower court dismissed the bill; plaintiff appeals.[1]

Hubert Howson, of New York City, for appellant.

Clifton V. Edwards, of New York City, and W. Clyde Jones, of Chicago, Ill., for appellee.

Before WARD, HOUGH and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). By the time Mr. Burton applied for this patent separable attachment plugs whereof the caps bore as contacts variously arranged knife blades were well known. Some of the contact blades were parallel to each other, some arranged "tandem," and the defendant at least had a "polarized" plug wherein contact blades were at right angles.

Parallel and tandem blades were the commonest, and obviously a plug slit for one style would not take the other; but electrically there was no difference between them. The only concept of invention is this patent is to make four slots in the face of a plug, instead of two, and so arrange them that tandem blades would go in one pair of holes and parallel blades in the other; the plug being so wired that, whichever pair of slots was used, opposite polarity would be preserved. It is not asserted in any claim that wiring plays any part in the invention.

Much time was devoted in the court below to finding out whether Mr. Burton or Mr. Hubbell (of the defendant company) was the original inventor; the latter having taken out a somewhat similar patent, No. 1,146,938 granted July 20, 1915. To this controversy we shall not further advert, being of the opinion that the claims in suit display no patentable invention.

[1] It is said that the patent is but for an aggregation. The point is only important if the patentee asserts that his invention is for a combination, and whether such assertion is made we are in some doubt, af-

---

[1] The decree contains the words "pro forma," as in Hubbell, Inc., v. General Electric Co. et al. (opinion filed herewith) 267 Fed. 564, but the record also contains a memorandum of opinion, and the remarks as to that style of decree made in the case just referred to are applicable to this litigation.

ter perusing record and briefs. Assuming that combination is asserted, the device is an aggregation, because there is absolutely no mutuality or coaction between the two sets of slots and contacts.

The difference between aggregations and combinations is not academic; the comparison frequently affords a valuable test of invention when the subject is cumbrous if not complicated machinery; and we are not aware that this court has ever departed from the doctrine on this subject as laid down in American Chocolate Co. v. Helmstetter, 142 Fed. 978, 74 C. C. A. 240. To such a device as this the word "combination" is certainly a large name for a small thing, and we therefore prefer the simpler inquiry: What is there new in the patentee's performance?

[2] It was doubtless a new and attractive business idea. It rendered it easier to sell parallel and tandem contacts without asking what kind of a plug the customer had; but, assuming the commercial frequency of both kinds of blade contact, it was within the competence of any mechanic to evolve the means for economizing in plugs while encouraging prodigality in caps. The history of this device is a good illustration of the mechanic's part in the history of invention. Mr. Burton was not a mechanician in any sense of the word. As "sales manager" of plaintiff he thought it would be a good idea to have four holes in the face plate of the plug, instead of two, whereupon he rudely represented the circular section of the insulated face of the plug by a figure about the size and shape of a half dollar, marked, four holes in it, and gave it to the head of plaintiff's mechanical department, and substantially told him to work it out.

As worked out it is the patented article, wherein every detail when in action is doing exactly the same thing in the same way that it was when there were two holes in the face plate, instead of four. This is no more invention than it was to make "in one piece what was before made in two" (General Electric Co. v. Yost, etc., Co., 139 Fed. 568, 71 C. C. A. 552), or to put a brace in a drilling machine so as to strengthen it (Barnes Co. v. Vandyck Churchill Co., 213 Fed. 636, 130 C. C. A. 300), or to put two buttonholes in one long tab of a necktie instead of one buttonhole in each of two short tabs (Keys v. Meyer, 234 Fed. 94, 148 C. C. A. 110).

The decree appealed from is affirmed, with costs.