### TREAT v. REDTOP ELECTRIC CO., Inc.[*]

(Circuit Court of Appeals, Second Circuit. February 9, 1921.)

#### No. 114.

Patents ⊜⇒328—1,188,024, for electrical attachment plug, void for lack of invention.

> The Treat patent, No. 1,188,024, for an electrical attachment plug, *held* void for lack of invention.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Clifford E. Treat against the Redtop Electric Company, Incorporated. Decree for complainant, and defendant appeals. Reversed.

Henry J. Lucke, of New York City, for appellant.

Cornelius C. Billings, of New York City (L. S. Lyon, and Frederick S. Lyon, both of Los Angeles, Cal., of counsel), for appellee.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. This is an appeal from an order holding United States letters patent 1,188,024, granted June 20, 1916, to Clif-

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 254 U. S. —, 41 Sup. Ct. 537, 65 L. Ed. —.

ford E. Treat, for an electrical attachment plug, valid and infringed, and granting an interlocutory injunction.

Of late years there has been a great and increasing demand for electrically heated household appliances, such as griddles, toasters, curling irons, and particularly sadirons. This has been met by inserting in a plug at the end of a flexible cord contact members fixed on the appliance which complete the circuit and carry the current. Manufacturers of such appliances have generally adopted either round posts or a flat knife as contact members to be inserted in the plug, and they supply plugs to fit their own styles of terminal. Dealers in these appliances had to keep on hand stocks of plugs to replace plugs injured or used up, round post terminals for the product of one manufacturer and flat knife for that of another.

The idea occurred to Treat to devise a plug which would take either, and this was a novel and useful idea; but invention is not involved in a mere idea. The question always is whether the article devised to carry out the idea involves invention or only ordinary mechanical skill. The difficulty arises in applying a perfectly well-established principle to the particular facts of each case. There was no need long felt which this article supplied, nor did it increase the power or efficiency of electrical attachment plugs. It was an advance step in the art, making one plug take the place of two.

Treat carried out his idea by inserting in the socket of the plug a strip of sheet metal bent over on itself, the upper and lower jaws being concave in the center and flat along the edges. Into the round or oval opening in the center a round post could be inserted for the purpose of contact or between the flat edges a flat knife. It is true that no such article is to be found in the prior art, but we think that the moment the idea was presented no more than ordinary mechanical skill was needed to carry it out. See our decision as to a very similar claim in connection with an electrical plug in Bryant Electric Co. v. Hubbell (C. C. A.) 267 Fed. 572; also the decision of the Supreme Court of the United States lately handed down in Berlin Mills Co. v. Proctor & Gamble, 254 U. S. 156, 41 Sup. Ct. 75, 65 L. Ed. ——.

The order is reversed.