## CORDLEY v. RICHARDSON CORPORATION. *

(District Court, W. D. New York. July 18, 1921.)

1. Patents ⬅20—Making a thing in one piece that was before in two pieces does not give patentability.

Any new function or effect, where making a thing in one piece that was before made in two, does not give it patentability, unless there is evidence of "unexpected properties or uses capable of producing a novel result."

2. Patents ⬅112(5)—Changes requiring only skilled mechanic not patentable.

When the court is satisfied that changes in old devices require only the exercise of the skilled mechanic, the presumption of patentability running with the allowance of the patent is overcome.

3. Patents ⬅328—1,054,677, for improvements in coolers for liquids, held invalid.

Cordley patent, No. 1,054,677, for improvements in coolers for water and other potable liquids, *held* invalid.

In Equity. Bill by Henry G. Cordley against the Richardson Corporation. Bill dismissed.

Fish, Richardson & Neave, of Boston, Mass. (Harrison F. Lyman and Hector M. Holmes, both of Boston, Mass., of counsel), for plaintiff.

Duell, Warfield & Duell, of New York City (F. P. Warfield and L. A. Watson, both of New York City, of counsel), for defendant.

HAZEL, District Judge. The Cordley patent in suit, No. 1,054,677, was issued to the inventor March 4, 1913, and describes improvements in coolers for water and other potable liquids. The receptacle con-

taining the liquid is arranged so that the lower part only is exposed to the direct cooling action of the cooling chamber; the larger part, or display part, being on the outside thereof. The single claim is for a combination and reads as follows:

"In a cooler for liquids, the combination of an outer receptacle adapted to contain a cooling medium, an inner receptacle adapted to contain liquid and having its upper portion above the top of the outer receptacle and of relatively large cross-sectional area and its lower portion of relatively small cross-sectional area, and formed integrally with the upper portion, closed at its lower end and extending downward through the top of the outer receptacle and having its lower closed end resting on the bottom of the outer receptacle, a draw-off faucet exterior of the outer receptacle, and a connection leading from the lower end of the lower portion of the liquid receptacle to the faucet."

The defense is noninvention. Various kinds of water-cooling apparatus are shown in the prior art wherein the water is held in glass bottles or earthen jars separated from the cooling box; the container being inverted, with the neck projecting into the cooling part. The prior devices were all provided with means for draining or faucets at the lower end of the cooling medium, and the patentee claims that he improved such devices as shown in patents to Hart, Conover, and to himself, with the result that liquid may be supplied to the container before the original contents are wholly exhausted, and also that the reserved supply receives a better cooling. The essential difference between the prior structures and the structure in suit is that in the latter the upper portion of the reservoir is exposed and the liquid is in sight, while the lower part extends into the ice container and rests on the bottom; both parts being integral. In thus joining the parts, and supporting the lower part on the bottom of the cooling chamber, tight and firm positioning was secured.

The claim was at first rejected by the Patent Office on the ground that it distinguished from the earlier patent to Conover only in "the limitation having liquid tight connection with the upper portion," and it was said by the Examiner that to provide Conover's structure with water-tight connections between the water storage receptacle and the cooling receptacle did not involve invention, but later on, upon filing a new oath by the inventor that his improvement was unknown before his discovery, the claim was allowed.

[1] The only perceivable difference of any materiality between the Conover structure and the structure in suit is that in Conover's the reservoir is not connected to the bottom of the cooling receptacle does not rest on the bottom, and the liquid is drawn directly from the cooling receptacle. It is of the inverted type, but I think the presumption of patentability and invention of the present patent is strongly shaken by it, and indeed is overcome upon consideration of the entire prior state of the art. In Cordley's prior patent there is a cooler with an open-mouth jar that contained ice. The neck of the bottle at the top rests on a ring. The main difference between that device and the device in suit is that in the latter the upper reservoir and the lower part which is the cooling portion are made integral, and extend farther down into the cooling receptacle. The Conover and earlier Cordley apparatus,

true enough, function a little differently; but I nevertheless think the changes made lacked invention. The mere making of the two parts of the reservoir integral, instead of keeping them separate, did not in my opinion constitute a patentable invention. Any different results obtained seem to me to be simply the ordinary consequence of extending the lower portion of the container down to the bottom of the cooling chamber.

Rigidity of the parts was no doubt secured by such adaptation, but, as said by Judge Townsend for the Circuit Court of Appeals of this Circuit, in General Electric Co. v. Yost Electric Mfg. Co., 139 Fed. 568, 71 C. C. A. 552, any new function or effect, where making a thing in one piece that was before made in two, does not give it patentability, unless there is evidence of "unexpected properties or uses capable of producing a novel result." The modification of the prior Conover and Cordley structures to produce the structure in suit does not attain any such distinction. To extend the lower part of the reservoir and close the end thereof at the bottom of the cooling device constituted a change of form only, wherein old elements were altered to produce a more desirable result, or a result amounting to a difference of degree only, and not a patentable result. The elements of the claim in controversy are fairly readable upon the Conover structure; the only difference being, as heretofore stated, in the integral formation of the reservoir and positioning it.

It was argued that plaintiff's reservoir has at its upper end an opening for pouring in the liquid, but an opening or removable cover is not embodied in the claim, and indeed was an old adaptation. See Hart and Wisloh patents. The prior Wisloh patent, No. 296,095 (not cited in the Patent Office), though perhaps not an anticipation, nevertheless shows a one-piece reservoir extending close to the bottom of the ice chamber, the lower funnel-shaped end connected to a drain or faucet connection.

[2, 3] Although plaintiff's device has come into popular favor, there must be both utility and invention to sustain a patent. Great utility not infrequently results from mechanical changes and alterations which do not embrace invention. That rule is not inapplicable in this case, inasmuch as I think there was no patentable novelty in either forming the two parts of the reservoir integrally, or making it of one piece of glass, or making it tight and rigid; for such alterations and modifications, by which better cooling, and display were obtained, are thought to fall within the realm of mechanical skill, and not invention. Old devices frequently require alteration or modification to apply them to uses for which they were not originally designed or adapted, and when the court is satisfied that the changes require only the exercise of the skilled mechanic, the presumption of patentability running with the allowance of the patent is overcome.

For these reasons, the claim of the Cordley patent in suit is invalid, and the bill may be dismissed, with costs.