FEZZEY v. BEMIS BRO. BAG CO.

(Circuit Court of Appeals, Eighth Circuit. July 25, 1924.)

No. 6362.

1. Patents ⬦⟿32—Patentee conclusively presumed to be familiar with existing state ot art.

In determining whether device covered by patent involves patentable invention or merely exercise of ordinary mechanical skill, patentee is conclusively presumed to be thoroughly familiar with existing state of the art.

2. Patents ⬦⟿328—1,212,128, covering compartment package for mailing purposes, held invalid for want of invention.

Patent No. 1,212,128, covering double compartment package for mailing purposes, held void for want of invention.

3. Patents ⬦⟿27(1)—Transfer of device from one art to another, where it performs same function, not invention.

The transfer of a device from one art to another does not constitute invention, where it performs the same function in both without change in form to adapt it to new use.

4. Patents ⬦⟿23—Making in one piece of device formerly made in two parts not invention.

The mere making in one piece of a device formerly made in two parts mechanically attached is not invention.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit by Chester T. Fezzey against the Bemis Bro. Bag Company  Judgment of dismissal, and plaintiff appeals. Affirmed.

Edward N. Pagelsen, of Detroit, Mich. (Edwin E. Huffman, of St. Louis, Mo., on the brief), for appellant.

H. G. Cook, of St. Louis, Mo. (Dorsey A. Jamison, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN and LEWIS, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge. This is a suit in equity by Fezzey against Bemis Bro. Bag Company to enjoin infringement of letters patent No. 1,212,128, dated January 9, 1917, covering a double compartment package for mailing purposes, and for an accounting. The answer denies that the plaintiff and his associate were the original inventors and discoverers of the double compartment package for mailing purposes described, and alleges that the plaintiff's device does not constitute patentable invention, and anticipation. From the judgment of the trial court dismissing plaintiff's bill upon the ground that there was a lack of novelty and invention in the alleged device, plaintiff appeals. We take the following concise but complete statement from the opinion of the trial court:

"The patent is for a double compartment mailing device, whereby an envelope designed to carry or inclose a letter of explanation or instruction is attached to a fabric bag, or container, wherein an article of merchandise is placed for transmission through the mails. One end of this bag, which is ordinarily of cotton cloth, is closed by a draw string, while to or rather into the other end is sewed an envelope. This envelope is inserted in the end of the bag, with such reinforcement of cloth as is designed to obviate the tearing loose of the envelope, weakened by needle perforations, incident to the process of sewing; a trouble formerly prevalent, and which this device was, among other things, intended to obviate."

It appears from the record that the fabric bag and its use for transmitting articles of merchandise by parcels post was old. It appears that the envelope for carrying an accompanying letter of explanation or instruction was old. It appears that the fabric bag, which was old, had been used with an address tag attached or inserted and sewed into the end of the bag; that one manufacturer had made and sold largely the Economy mailing bag, a bag identical to plaintiff's, with an address tag inserted and sewed into the end in substantially the same manner as is the envelope in the plaintiff's device. It appears that, shortly before the plaintiff filed his application for patent, the Post Office Department authorized the attachment of a sealed envelope containing a communication to the parcel post package, on condition that first-class postage be affixed to the sealed envelope, and parcel post postage to the parcel package. It appears that the plaintiff knew of the proposed authorization before the authorization was promulgated. The plaintiff

thereupon filed application and procured a patent for his device.

[1] The question presented is whether plaintiff's device involves patentable invention, or whether it involves merely the exercise of ordinary mechanical skill. In determining this question one must have in mind the state of the existing art, and assume that the one supposed to exercise mere mechanical skill in the circumstances was familiar with the existing state of the art, for a patentee is conclusively presumed to be thoroughly familiar with the existing state of the art. Torrey v. Hancock (8th C. C. A. 1910) 184 Fed. 61, 107 C. C. A. 79. So, to begin with, we have a fabric bag which was old, and the use of which for the transmission of articles of merchandise by parcels post was old. We have also an envelope which was old, and the use of which to transmit accompanying explanation or instruction was old. We have also the promulgated regulation of the Postal Department, permitting for the first time the attachment of the envelope to the bag for use in the transmission of such accompanying communication. We must here bear in mind that plaintiff's device was not patentable prior to the promulgation of the authorization, because, conceding it to be new, it would not be useful, because not mailable. Now, what was left for the plaintiff to discover and invent? Manifestly only the means of attaching the envelope to the bag; and in this connection plaintiff, or any one who may be assumed to be about to exercise mere mechanical skill, had directly before him the Economy mailing bag with the address tag inserted and sewn into the end. Was the adoption of this method of attachment so obviously presented and suggested the exercise of mere mechanical skill by one familiar with the state of the art? Or did it rise to the dignity of inventive genius?

[2-4] We are of opinion that these questions must be answered against the validity of the patent. There is nothing new from the point of inventive construction. The method of attachment, even assuming such to involve invention, had been long used in the attachment of the mailing tag. The transfer of a device from one art to another does not amount to invention, where it performs the same function in both, without any change in form to adapt it to the new use. The mere making in one piece of a device formerly made in two parts mechanically attached is not invention. Standard Caster & Wheel Co. v. Caster Socket Co.

(6th C. C. A.) 113 Fed. 162, 51 C. C. A. 109; General Electric Co. v. Yost Electric Mfg. Co. (2d C. C. A.) 139 Fed. 568, 71 C. C. A. 552.

The sudden commercial success of plaintiff's device is urged strenuously in argument as a consideration justifying the conclusion that it involves novelty and invention. In this connection the circumstances must be considered. Until the promulgation of the postal order mentioned, the device would not have been commercially useful, and its use after the promulgation of such order would necessarily be attended with success, in view of the nature of its use. The record also shows a material fact in this connection; that is, that at least two persons immediately conceived the same idea, viz. that of sewing the envelope into the end of the bag. Now it was held by the Circuit Court of Appeals of the Second Circuit that, where several persons contemporaneously apply for patents for the same device, the fact that they caught the idea at the same time goes to show that it was simple and obvious, and that it did not require inventive genius to produce it. Elliott & Co. v. Youngstown Car Mfg. Co., 181 Fed. 345, 104 C. C. A. 175. In our opinion the trial court was correct in holding plaintiff's device devoid of novelty and patentable invention, and that the adoption by plaintiff of the particular method of attachment of the envelope to the bag was the exercise of mere mechanical skill.

The judgment of the trial court is affirmed.