## ALLEGHENY STEEL & BRASS CORPORATION et al. v. ELTING et al.

### No. 8352.

Circuit Court of Appeals, Seventh Circuit.

Feb. 11, 1944.

Rehearing Denied April 5, 1944.

Brayton G. Richards, of Chicago, Ill. (Elmer L. Zwickel, of Chicago, Ill., of counsel), for appellants.

Henry Blech, Herman Herson, and Blech & Herson, all of Chicago, Ill., for appellees.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

SPARKS, Circuit Judge.

This action involves plaintiffs' petition for a declaratory decree under 28 U.S.C.A. § 400. It sought a declaration that United States Design Patent No. 118,968, and United States Mechanical Patent No. 2,278,433 are invalid and not infringed by plaintiffs' products. These patents were issued to the defendant, August O. Elting, on the respective dates of February 13, 1940 and April 7, 1942, on applications respectively filed on November 1, 1939 and October 2, 1940. It further sought a declaration that Elting was not the inventor of either of the patents and that the defendants had issued false and misleading statements that plaintiffs and their customers and prospective customers were infringing the patents prior to their issuance, which misleading statements were calculated to destroy plaintiffs' business. The first patent mentioned relates to a design for an arm for a lamp, and the second, to the arm for such lamp. The plaintiffs and defendants are engaged in the manufacture and sale of lamp fixtures and are competitors.

To this petition the defendants filed an answer and counterclaim charging plaintiffs with infringement of the patents and unfair competition. After hearing all the evidence, the court permitted the defendants to amend their answer and counterclaim by eliminating all charges of infringement of the mechanical patent, and they denied that any controversy had arisen in regard to that patent.

The District Court made special findings of facts and rendered its conclusions of law thereon, upon which it entered a decree holding both patents invalid and allowed damages to plaintiffs. In aid of that decree it entered an order enjoining defendants from further dissemination of any literature charging infringement or making any other untrue statements relating thereto. From that decree this appeal is prosecuted.

The court found that defendants had circulated, prior to the issuance of these patents, representations to plaintiffs' customers, prospective customers and agents, that the latters' products infringed these patents.

The court also found the following facts:

"The fixture shown by the mechanical patent in suit comprises a body portion having round openings with rectangular recesses to which is secured a plurality of arms formed with a nipple on which square lugs are integrally provided which fit within the rectangular recesses of the body portion so that upon heading over or riveting of the end portion of the nipple extending into the body portion onto the inner surface of the body portion an expansion of the square lugs occurs to provide intimate contact between the square lugs and the adjacent edges of the rectangular recesses.

"Edwin J. Elting filed a patent application May 4, 1932, covering the idea of providing the body portion with irregular openings and causing the metal of the arm nipple to flow outwardly during the riveting operation so as to cause the metal to flow into the various crevices and corners of the irregular openings to afford a locking engagement between the nipple and the body portion.

"Petitioners made, as early as January 1939, arms provided with nipples having lugs with oval contours which when riveted to the body portion under the ensuing expansion became square to fill out the rectangular recesses of the round openings in the body portions.

"Rembrandt Lamp Corporation in 1936 produced arms with square lugs on the nipple but instead of riveting the inner end of the nipples a lock nut was placed thereon abutting against the inner face of the body portion, the lugs being received within rectangular recesses of the round openings in the body portion to provide a rigid assembly.

"The subject matter of the design patent was originated by one Thomas Raichel."

Upon these facts the District Court concluded that the allegations of the petition and the facts presented in support of it, and the allegations of the answer established the existence of an actual controversy between the parties of which that court had jurisdiction. It further concluded that the mechanical patent was invalid because the subject matter disclosed did not rise to the dignity of invention, and that the design patent was invalid because the subject matter disclosed therein was the invention of Thomas Raichel.

We think the facts found are not only supported by substantial evidence but also by a preponderance thereof. We are of the further opinion that the conclusions of law are fully supported by the facts.

■ Appellants contend that the defendant, Elting, was the inventor of the design patent, because that invention was devoloped by the joint efforts of the latter as employer and of Raichel as employee, hence they argue that that patent belongs to and was patentable by Elting as employer. That legal principle is not' questioned by us. However, we agree with the District Court that Raichel was not an employee of Elting, but he was an independent contractor in the art of designing. Elting called on Raichel, presented him with a catalog of several different designs, and merely asked him to prepare a design for Elting's use, but Elting gave him no idea or suggestion as to what form of design he should prepare. Elting paid him $25 for making the design, with others not here in controversy. Under these circumstances we think the District Court was right in holding that Raichel was the real inventor.

■ Appellants further contend that the District Court lacked jurisdiction to determine the validity of the mechanical patent, because when they amended their answer and counterclaim they eliminated the mechanical patent from the issues. We think this contention is without merit. The validity of the mechanical patent was brought in issue by plaintiffs' petition, and it could not be eliminated by a mere amendment of appellants' answer and counterclaim. A court of equity having

150

jurisdiction of a controversy, retains such jurisdiction for all purposes, and it was not precluded from exercising that jurisdiction in this case by the withdrawal of the charge of infringement contained in appellants' answer and counterclaim. See McGowan v. Parish, 237 U.S. 285, 35 S.Ct. 543, 59 L.Ed. 955; Ohio Oil Co. v. Thompson, 8 Cir., 120 F.2d 831; and Young v. John McShain, Inc., 4 Cir., 130 F.2d 31.

 It is unnecessary to discuss at length the validity of the mechanical patent. It is sufficient to say that there is only one difference between the patented device and that of the plaintiffs. In the former the nipple is cast integral with the arm. In the latter, and also in other prior art, the nipple is not cast integral with the arm. In other words, what was formerly made in two parts was made in one by the patentee. We think the District Court was warranted in holding that Elting's disclosure did not rise to the dignity of invention. See Fezzey v. Bemis Bro. Bag Co., 8 Cir., 1 F.2d 116; and Kirsch Mfg. Co. v. Gould Mersereau Co., Inc., 2 Cir., 6 F.2d 793.

The decree is affirmed.