## F. W. WOOLWORTH CO. v. SMITH.

Circuit Court of Appeals, Eighth Circuit.
September 16, 1929.

No. 8573.

A. C. Paul, of Minneapolis, Minn., for appellant.

F. A. Whiteley, of Minneapolis, Minn., for appellee.

Before STONE, BOOTH, and GARDNER, Circuit Judges.

STONE, Circuit Judge. This is a suit for infringement of letters patent, Smith No. 1,431,336, relating to improvements in vanity cases. From a decree adjudging infringement, this appeal is brought.

The contention here is that the prior art narrowly restricts the validity of the patent and, so restricted, there is no infringement.

The patent here is not truly for a vanity case, but for a flexible container for a powder puff so constructed as to completely inclose and protect the puff when not in use, and capable of manipulation so that the puff may be used without removal from the case nor being touched by the hands of the user.

The anticipations cited are two British patents: Tribe, No. 1,171, and Fleuss, No. 1,301. The Tribe patent covers "improvements in pouches, purses, bags or cases for tobacco, sponge, and other articles." This embodied a flexible pouch with lips and a section which would fold over the opening. The Fleuss patent was for a tobacco pouch made of flexible material with a section folding over the opening. From these two patents it is evident that the idea of a flexible pouch or case with folding top was not novel to Smith. The patentability of Smith is, therefore, restricted to new and useful features of his case. The specifications state the object of his invention to be:

"To supply a combined case and holder for puffs or pads employed in applying cosmetic powders, said article including a body member or back, a front member secured thereto and forming a pocket in which a powder puff may be partially sheathed and a reversible flap secured to the body and serving in one relation, to sheath the otherwise exposed portion of the powder puff and, in the other relation, to supply an inverted pocket or finger hold at the rear of the case, in which the fingers of a user's hand may be inserted to manipulate the case in applying the powder puff."

The case comprises "a back or body member, a front pocket piece and a reversible flap." The front piece is shorter than the back, so that when the flap is turned back a portion of the powder puff is exposed and can be applied without removal from the case. When the flap is closed the puff is completely covered and protected. When the flap is folded back, it makes a convenient cover or hold for the fingers, so that the puff can be applied without withdrawing it from the case or without touching it. The purpose and effect of the invention is to enable the user to carry the puff protected when closed and to use it without handling or removal from the case when it is open. In that respect it differs from the British patents cited, and in that respect alone is it novel and valid. The novel features are two and both are necessary to the purpose of the inventor. One of these is the short front which leaves exposed enough of the puff for application in place. The other is the folding back to form the finger hold, to enable the user to apply the puff in place. The flap used by Smith as a finger hold, is not new, but appears in the British patents. Smith merely puts the flap to a use it was not designed to be used for in the British patents.

That use is possible only where the other feature is present—that is, where the front is so shortened that enough of the powder puff is exposed, for usage in place. Therefore, the essence of the novelty is in such shortening of the front piece. The advantages of the patent are well stated, by a witness for plaintiff, to be "the puff is completely covered, * * * and when the flap is turned back over the hand it produces a handhold and keeps the powder clean and sanitary. It saves the powder and is very economical. The hand of the user does not become soiled with the powder because it is not necessary to touch the powder puff in powdering the face."

The patent contains five claims. Claim 4 is not relied on by appellee. Claims 2, 3 and 5 are so broad that they cover and are anticipated by the above British patents. Such claims seem to rest upon the combination of a powder pad with the construction shown in the British patents. Of course, the mere use of a powder puff in a case designed for tobacco would not constitute invention of a new case, nor invention of a combination of such case and powder pad. This is but a new use for an old object. Such is not invention. Westinghouse v. Boyden Power-Brake Co., 170 U. S. 537, 554, 555, 557, 18 S. Ct. 707, 42 L. Ed. 1136; Concrete Appliances Co. v. Gomery, 269 U. S. 177, 46 S. Ct. 42, 70 L. Ed. 222; Fezzey v. Bemis Bro. Bag Co., 1 F.(2d) 116, this court; Standard Oil Co. v. Oklahoma Natural Gas Co., 284 F. 469, 478, this court. In fact, the Tribe patent expressly contemplates use of a "sponge, and other articles." Claim 1 incorporates the idea of the shortened front flap "partially sheathing said pad" and designed "to expose said unsheathed portion of said pad" when open. The infringing forms lack this shortened front piece of claim 1 so that the puff can be used in place. They fully protect the puff when closed, but that would be true if a puff were put in a case made under either of the British patents. To use the puff it is necessary to displace it by removal from the case or by lifting or shoving it up —either of these could be done under the British patents construction. The invention must rest upon new construction. The essential feature of the new construction of Smith is that which permits usage of the puff *in place*. That cannot be done in defendant's devices. Therefore, there is no infringement.

The decree should be and is reversed, with instructions to dismiss the complaint.