**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edmond KHATON, Defendant–Appellant.**

**No. 94–10001.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1994.

Decided Nov. 16, 1994.

V. Roy Lefcourt, San Francisco, CA, for defendant-appellant.

Martha Boersch, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: SNEED, PREGERSON, and WIGGINS, Circuit Judges.

SNEED, Circuit Judge:

Edmond Paul Khaton appeals the sentence imposed on him under the Sentencing Guidelines for bank robbery and use of a firearm during a crime of violence. Khaton contends that the district court (1) erroneously concluded that it lacked discretion to depart downward, even though his "career offender" status significantly over-represented his criminal history, and (2) should have granted him a two-point reduction for acceptance of responsibility. We find that Khaton waived his right to appeal the sentence as part of his plea agreement. The appeal is dismissed.

## I.

Khaton committed a string of bank robberies in the San Francisco Bay area in December 1992. In four of the five robberies, Khaton was armed with a pistol. State and local police officers apprehended Khaton as he fled from the fifth robbery. A federal grand jury indicted Khaton on five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and five counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).

On February 19, 1993, Khaton briefly escaped custody while federal marshals were escorting him to a court appearance. With the aid of other federal agents, the marshals apprehended Khaton and returned him to custody.

On June 25, 1993, pursuant to a written plea agreement, Khaton pled guilty to four counts of armed bank robbery, one count of unarmed bank robbery, and one count of using a firearm during a crime of violence. In this plea agreement, Khaton waived his right to appeal "any sentence within the discretion of the district judge."

At sentencing, Khaton was classified as a "career offender" on the basis of three prior convictions, two for armed robbery and one for grand theft. The district court also assessed a two-level upward adjustment for obstruction of justice based on his escape.

Khaton moved for a downward departure from the career offender guideline range, contending that this range significantly over-represented his criminal history. Specifically, he argued that he had incurred only the minimum number of convictions necessary to trigger career offender status; that he had been abused as a child; that he was still relatively young when he committed the current and past crimes; and that his efforts to find lawful employment failed because his parole officer repeatedly divulged his parole status to employers. Khaton also asked for a two-point offense reduction for acceptance of responsibility based on his guilty plea and his expressions of remorse.

The government conceded that the district court had discretion to depart from the Sentencing Guidelines, but otherwise opposed Khaton's motions. The district court denied both motions and sentenced Khaton to 262 months' imprisonment, which represents the low end of the relevant career offender guideline range.

## II.

■ The government contends that Khaton waived the right to appeal his sentence. Whether an appellant has waived his statutory right of appeal is an issue of law subject to *de novo* review. *United States v. Bolinger*, 940 F.2d 478, 479 (9th Cir.1991).

In his plea agreement, Khaton expressly waived the right to "appeal any sentence within the discretion of the district judge." We believe this is the first case involving this type of waiver.

■ The government argues that Khaton waived *all* rights to appeal his sentence; however, the qualifier "within the discretion of the district judge" suggests that Khaton retained some appeal rights. Khaton seeks to limit the waiver's scope to the district court's discretionary decisions, but this would render the waiver illusory. Purely discretionary decisions authorized by the Guidelines, such as the refusal to depart from the Sentencing Guidelines or the choice of sentence within a guideline range, are not reviewable on appeal. *Williams v. United States*, —— U.S. ——, ——, 112 S.Ct. 1112, 1121, 117 L.Ed.2d 341 (1992). It would make no sense for Khaton to waive rights he did not have, and possibly improper for the government to seek an illusory waiver.

Thus, neither party's interpretation is convincing.

■ Nevertheless, the plain language of the waiver, viewed in the context of the Sentencing Guidelines, offers a rational interpretation. Chapters II (Offense Conduct) and IV (Criminal History and Criminal Livelihood) of the Guidelines establish the baseline parameters for determining the sentence for any given defendant's offense. Chapters III and V set forth the nature and extent of adjustments to and departures from these parameters. The four chapters together circumscribe in various ways a sentencing court's discretion. That is their central purpose. Faithful adherence to this schema, therefore, is precisely what *is* "within the district court's discretion." Such adherence is not subject to appeal under the terms of Khaton's waiver. Obviously improper deviations, by contrast, are not within the court's discretion, and Khaton reserved the right to appeal such deviations. Thus, the basic issue before us is whether the district court departed from the "discretion" permitted by the Guidelines.

■ Under this interpretation of the waiver, Khaton's claims clearly fall outside the scope of appealable issues. He does not argue that the district court deviated from the Guidelines at all. To the contrary, Khaton contends that the court adhered to the Guidelines despite his request that it not do so. First, Khaton seeks a downward departure, which is entirely within the discretion of the district court. Second, he seeks an adjustment for acceptance of responsibility, even though he has already received an uncontested adjustment for obstruction of justice. The Guidelines do not allow both adjustments except in extraordinary cases. U.S.S.G. § 3E1.1, comment. (n.4).

The district court acted within the discretion provided by the Guidelines in sentencing Khaton, and Khaton has waived any appeal of the court's decision.

Accordingly, Khaton's appeal is DISMISSED.