46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John TRAHAN, Defendant-Appellant.
 No. 94-30040.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Trahan appeals his five-year sentence imposed following guilty plea to use of a gun during an attempt to buy cocaine, in violation of 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 924(c). Trahan contends that the district court erred by: (1) imposing, as a condition of supervised release, "home confinement;" (2) failing to make factual findings supporting special conditions of supervised release; and (3) failing to give Trahan prison credit for time spent in confinement prior to sentencing. We have jurisdiction under 28 U.S.C. Sec. 1291. We dismiss this appeal because we conclude that Trahan waived his right to appeal.
 
 
 3
 Whether an appellant has waived his statutory right to appeal is reviewed de novo. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir. 1991). A waiver of the right to appeal does not prevent an appeal if the sentence is not in accordance with the plea agreement. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990), cert. denied, 112 S. Ct. 1488 (1992). A waiver of appellate rights in a plea agreement is automatically enforceable unless the defendant calls into question the validity of the waiver. See United States v. Michlin, 34 F.2d 896, 898 (9th Cir. 1994); Bolinger, 940 F.2d at 480.
 
 
 4
 Trahan waived, in his plea agreement, "[t]he right to appeal or contest, directly or collaterally, my sentence on any ground, unless the court imposes a sentence in excess of the statutory maximum or a sentence that departs from the sentencing guidelines." The district court sentenced Trahan to the statutory maximum of five years followed by three years' supervised release. Trahan claims that the district court imposed home detention as a special condition of supervised release, a sentence not authorized by the Sentencing Guidelines. See U.S.S.G. Sec. 5B1.4(b)(20) & comment. (n.1); Sec. 5C1.1, comment. (n.8); Sec. 5D1.3(c); see also 18 U.S.C. Secs. 3563(b), 3583(d).
 
 
 5
 The district court at sentencing stated that a special condition of supervised release is that Trahan:
 
 
 6
 shall comply with the conditions of home confinement and curfew for a period to be determined by the Probation Officer, with allowances for employment, religious activities and basic living and maintenance activities to be approved by the Probation Officer. During this period, the defendant shall remain at a place of residence between 9:00 p.m. and 6:00 a.m. and shall maintain a telephone at the place of residence without special features, such as call forwarding and computer modem, caller ID, call waiting or a portable, cordless telephone.
 
 
 7
 At the direction of the Probation Officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the Probation Officer.
 
 
 8
 In the written order of commitment and judgment, the district court stated that Trahan "shall comply with the conditions of Home Confinement (Curfew) for a period to be determined by the Probation Officer." In other respects the written order was identical to the oral pronouncement of judgment.
 
 
 9
 The Sentencing Guidelines do not contain home confinement as a recommended condition of supervised release. See U.S.S.G. Sec. 5B1.4(b). The district court may have intended to impose the special conditions of both home detention and curfew in the oral sentence pronouncement, as Trahan and the government assume. Such an interpretation of Trahan's sentence would be illogical, however, because curfew is less restrictive than home detention, and it would be impossible for a defendant on supervised release to be subject simultaneously to curfew and home detention. See U.S.S.G. Sec. 5B1.4, comment. (n.1) (home detention restricts defendant to residence during all non-working hours, while curfew restricts defendant to residence only during evening and nighttime hours). Reasonable interpretations of the oral sentence are that the district court wished to impose: (1) either curfew or home detention, as determined by Trahan's Probation Officer; or (2) curfew only.
 
 
 10
 Because the oral pronouncement of judgment was ambiguous or susceptible to reasonable interpretation, it cannot control Trahan's sentence. See United States v. O'Brien, 789 F.2d 1344, 1347 (9th Cir. 1986). The written order of judgment clarifies the oral pronouncement by placing the word "curfew" in parentheses after the phrase "home confinement," thereby equating home confinement and curfew. The written judgment therefore controls the terms of Trahan's sentence. See United States v. Garcia, 37 F.3d 1359, 1367-37 (9th Cir. 1994) (written commitment order controls oral judgment when oral pronouncement is ambiguous and the written judgment clarifies the ambiguity). Accordingly, we find that the district court imposed curfew, and not home detention, as a special condition of supervised release.
 
 
 11
 The district court had authority under the Sentencing Guidelines to impose curfew with electronic monitoring as a special condition of supervised release. See U.S.S.G. Sec. 5B1.4(25). Thus, the district court imposed the statutory maximum sentence within the terms of Trahan's plea agreement. Because Trahan's claims on appeal concern the imposition of his sentence and he does not claim that his waiver of the right to appeal the sentence is invalid, we enforce the waiver and dismiss this appeal. See Michlin, 34 F.3d at 898; Bolinger, 940 F.2d at 480; see also United States v. Khaton, 40 F.3d 309, 311-12 (1994) (dismissing appeal where claims fall outside scope of issues appealable under terms of waiver of appeal).
 
 
 12
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3