50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis CHUA-GAMEZ, aka Jose Luis Chua-Gomez, Defendant-Appellant.
 No. 94-10315.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-93-00407-EJG; Edward J. Garcia, District Judge, Presiding.
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Chua-Gamez appeals his 24-month sentence, to run concurrent with the remainder of an undischarged state sentence, imposed following a guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. Sec. 1326. The government argues Chua-Gamez's appeal is precluded because he expressly waived the right to appeal the sentence as a condition of a written plea agreement. We have jurisdiction under 28 U.S.C. Sec. 1291, and we dismiss the appeal.
 
 
 3
 Whether the appellant waived his statutory right to appeal is a matter of law we review de novo. United States v. Khaton, 40 F.3d 309, 311 (9th Cir.1994). An express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). Misapplication of the Sentencing Guidelines will not invalidate an express waiver of the right to appeal where the sentence imposed is in accordance with the negotiated plea agreement. See id.
 
 
 4
 Here, the written plea agreement stipulated that if Chua-Gamez pleaded guilty and waived appeal, the government would recommend the minimum guidelines sentence, as computed by the Probation Department (24 months statutory maximum), and that the government would not oppose nor appeal a concurrent sentence if the court deemed it appropriate. Chua-Gamez does not allege that his plea was not knowing or involuntary. The district court sentenced Chua-Gamez to 24 months, to run concurrent with the remainder of his undischarged state term of imprisonment.
 
 
 5
 The presentence investigation report (PSR) found that the applicable guidelines range for the instant federal offense was 24-30 months. The statutory maximum sentence that could be imposed for the instant federal offense was 24 months, thus, that became the guideline for the federal offense. Chua-Gamez contends that the sentence, as structured, exceeded the "reasonable incremental punishment" of 30-37 months as calculated using the commentary methodology under U.S.S.G. Sec. 5G1.3(c), comment. (n. 3).[1]
 
 
 6
 Although Chua-Gamez's sentence will result in a total term of imprisonment of 41 1/2 months, the government abided by the terms of the plea agreement in recommending the minimum guidelines sentence of 24 months and not opposing a concurrent sentence. The alleged misapplication of the Sentencing Guidelines does not render the sentence outside the negotiated plea agreement, and will not invalidate a waiver of appeal where the terms of the plea agreement has been honored.[2] See Bolinger, 940 F.2d at 480. Accordingly, because Chua-Gamez's sentence was in accordance with the terms of the plea agreement, the waiver of the right to appeal was valid and we are precluded from reviewing his claim that the Sentencing Guidelines were misapplied. See id.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Where a defendant is subject to an undischarged term of imprisonment, U.S.S.G. Sec. 5G1.3(c) instructs the district court that "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. Sec. 5G1.3(c). The commentary to section 5G1.3(c) suggest that "[t]o the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under Sec. 5G1.2 ... had all of the offenses been federal offenses for which sentences were being imposed at the same time." U.S.S.G. Sec. 5G1.3, comment. (n. 3)
 
 
 [2]
 The Probation Office calculated that Chua-Gamez had served only 12 months on his undischarged state sentence as of the sentencing date for the instant offense, instead of the 17 months and 19 days alleged by Chua-Gamez. Thus, Chua-Gamez will serve 41 1/2 months total punishment, instead of the 36 months referenced in the PSR