50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus GARCIA-MOTA, Defendant-Appellant.
 No. 94-50311.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Appeal from the United States District Court for the Central District of California, No. CR-94-00060-SVW; Stephen V. Wilson, District Judge, Presiding.
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Garcia-Mota appeals his sentence of 30 months following a conviction, pursuant to a guilty plea, for illegal reentry by a deported alien in violation of 8 U.S.C. Sec. 1326(a) and (b)(1). Garcia-Mota contends that the district court erred in failing to grant a downward departure for his voluntary surrender to authorities, pursuant to Sec. 5K2.16 of the Sentencing Guidelines. The government argues that Garcia-Mota waived his right to appeal in a written plea agreement. We have jurisdiction under 28 U.S.C. Sec. 1291, and we dismiss the appeal.
 
 
 3
 We review de novo the question of whether an appellant has waived his statutory right to appeal. United States v. Khaton, 40 F.3d 309, 311 (9th Cir.1994). " '[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made.' " United States v. Haggard, 41 F.3d 1320, 1325 (9th Cir.1994) (quoting United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991)). "[A] waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated plea agreement." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992).
 
 
 4
 Here, the plea agreement provided that Garcia-Moto waived his right to appeal "any sentence imposed by the Court and the manner in which the sentence is determined, so long as your sentence is within the statutory maximum...." The plea agreement stipulated that the statutory maximum sentence was 5 years incarceration, a 3 year period of supervised release, a $250,000.00 fine and a special assessment of $50.00. In exchange, the government agreed to recommend a two-point reduction in the applicable guideline offense level for acceptance of responsibility, pursuant to Sec. 3E1.1 of the Sentencing Guidelines. Garcia-Moto does not claim that the waiver was unknowing or involuntary, nor does he contend that the government breached the plea agreement.
 
 
 5
 The district court imposed a 30-month term of imprisonment and granted a two-level reduction for acceptance of responsibility. Thus, Garcia-Moto's sentence was in accordance with the plea agreement. Cf. Navarro-Botello, 912 F.2d at 321. Because Garcia-Moto's waiver was knowing and voluntary, he has waived any right to appeal the district court's decision. See Bolinger, 940 F.2d at 480.
 
 
 6
 Furthermore, Garcia-Moto's only contention on appeal is that the district court erred when it failed to grant a downward departure under U.S.S.G. Sec. 5K2.16 based upon his voluntarily surrender to authorities. To the extent that Garcia-Moto argues the district court erred in failing to downward depart, this court does not have jurisdiction to review a district court's discretionary refusal to depart from the Sentencing Guidelines. See United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993). Moreover, Garcia-Moto's contention that the district court failed to consider the downward departure is not supported by the record.
 
 
 7
 Accordingly, Garcia-Moto's appeal is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3