56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff - Appellee,
v.
Malcolm HEPBURN, Defendant - Appellant.
UNITED STATES of America, Plaintiff - Appellee,
v.
Robin LUCAS, Defendant - Appellant.
 Nos. 93-10722, 93-10776.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1995.*
Decided May 12, 1995.
 
 Appeal from the United States District Court, for the Northern District of California, D.C. Nos. CR-92-00007-03-MHP, CR-92-0007-MHP; Marilyn H. Patel, District Judge, Presiding.
 N.D.Cal.
 DISMISSED IN NO. 93-10722; AFFIRMED IN NO. 93-10776.
 Before: BRUNETTI, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Malcolm Hepburn and Robin Lucas were indicted, under 18 U.S.C. Sec. 371, of conspiracy to fraudulently obtain monies for federally insured institutions and to unlawfully possess and use credit cards and checks stolen from the mail. Hepburn plead guilty on January 11, 1993, and Lucas was found guilty on July 1, 1993, after a seven day bench trial. The court sentenced Hepburn to 51 months, and sentenced Lucas to 33 months. The court also ordered the defendants to make restitution (jointly and severally) in the amount of $262,670.55. Hepburn appeals his sentence, and Lucas appeals both her conviction and sentence.
 
 
 3
 We have jurisdiction over these timely appeals pursuant to 28 U.S.C. Sec. 1291, and for the reasons set forth below, we DISMISS Hepburn's appeal and AFFIRM Lucas' conviction and sentence.
 
 I. HEPBURN
 
 4
 In his plea agreement, Hepburn waived his right to appeal his sentence, so long as the sentence was within the applicable range established by the Sentencing Guidelines. We have repeatedly held that such a waiver of appellate rights is enforceable so long as it was "knowingly and voluntarily made." United States v. Michlin, 34 F.2d 896, 898 (9th Cir. 1994). See also United States v. DeSantiago-Martinez, 980 F.2d 582, 582 (9th Cir. 1992) as amended by 38 F.3d 394 (9th Cir. 1994); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991)). If we conclude that the waiver is valid, we must dismiss Hepburn's appeal. Michlin, 34 F.2d at 898.
 
 
 5
 There is no evidence in the record that suggests Hepburn's waiver of appellate rights was involuntary. Therefore, because we hold that the district court properly sentenced Hepburn under the Guidelines and that his sentence falls within the applicable range, we dismiss Hepburn's appeal pursuant to the waiver provisions of his plea agreement. See United States v. Michlin, 34 F.3d 896, 898 (9th Cir. 1994).
 
 II. LUCAS
 
 6
 Lucas challenges the sufficiency of the evidence supporting the existence of a single conspiracy. She contends that she was never part of an agreement including co-defendant Hodgson, citing her dislike for Hodgson as evidence that the two would not have conspired together. The existence of a single conspiracy can be shown in two ways. "The general test is whether there was 'one overall agreement' to perform various functions to achieve the objectives of the conspiracy." United States v. Zemek, 634 F.2d 1159, 1167 (9th Cir. 1980), cert. denied, 452 U.S. 905 (1981). However, if evidence of a single agreement cannot be found, a factors analysis can also be used. "Relevant factors include the nature of the scheme; the identity of the participants; the quality, frequency and duration of each conspirator's transactions; and the commonality of time and goals." Id. at 1168. Applying the factors identified in Zemek to this case, we find that there was substantial evidence from which a rational trier of fact could have found a single conspiracy.
 
 
 7
 The nature of scheme was to commit credit card and bank fraud. False identifications were obtained, accounts were manipulated, and bank customers were impersonated. These activities required coordination and cooperation among the various members of the conspiracy.
 
 
 8
 Second, trial testimony and other evidence identified Hepburn, Lucas and Hodgson as members of the conspiracy. Checks stolen by Hodgson were deposited into accounts controlled or opened by Lucas.
 
 
 9
 Third, each conspirator was involved in numerous illegal transactions. Lucas purchased stolen wallets containing identifications, assisted in the production of false identifications, opened accounts under assumed names and supervised other participants' activities. Hodgson supplied stolen checks, purchased merchandise with stolen credit cards and deposited a forged check into an account controlled by the conspiracy members.
 
 
 10
 Finally, the evidence shows that Lucas and Hodgson shared common goals and contemporaneously belonged to the conspiracy. The goal was to use false identifications and stolen credit cards to enrich the conspirators. Lucas was involved in the conspiracy as early as June 20, 1990, when she obtained a false identification card under the name of Breanna Penate. She remained in the conspiracy until she was arrested in April 1992. Evidence presented at trial demonstrates that Hodgson was involved as late as November or December 1991, when she stole a box of checks and gave them to Hepburn. Some of these checks were deposited into an account manipulated by Lucas.
 
 
 11
 Therefore, viewing the evidence in the light most favorable to the prosecution, as we must, Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Lennick, 18 F.3d 814, 819 (9th Cir. 1994), we find that sufficient evidence supports the finding that Lucas and Hodgson were members of the same overall conspiracy.
 
 
 12
 Lucas next challenges the propriety of her sentence, contending that the district court erred by refusing to grant her a two-point reduction in her base offense level for acceptance of responsibility. The district court's refusal to grant acceptance of responsibility points is reviewed for clear error. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility... [and] is entitled to great deference on review." USSG Sec. 3E1.1, comment (n.5). See also United States v. Cox, 7 F.3d 1458, 1462 (9th Cir. 1993); United States v. Hall, 952 F.2d 1170, 1171 (9th Cir. 1991).
 
 
 13
 At sentencing, the district court found that Lucas had attempted to minimize her role in the conspiracy, and had not adequately accepted responsibility.
 
 
 14
 She has decided what she wants to accept responsibility for, and I find that less that wholehearted. She's decided that she's going to parse out what she wants to accept responsibility for, and offering up a couple of other offenses gratuitously, proves too much. Because what she has done, inconsistent with the evidence in this case has been willing to admit guilt to and accept responsibility only for a small part of the conspiracy in which the court found overwhelming evidence of her participation.
 
 
 15
 Sentencing Transcript at 26. A careful review of the record has revealed nothing to persuade us that this conclusion was clearly erroneous.
 
 III. CONCLUSION
 
 16
 For the foregoing reasons, we DISMISS Hepburn's appeal, and AFFIRM Lucas' conviction and sentence.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3