56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Hans NORLAND, Defendant-Appellant.
 No. 94-30282.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Hans Norland appeals the restitution portion of the sentence imposed following his guilty plea to conspiracy to commit wire fraud in violation of 18 U.S.C. Secs. 371 and 1343. Norland contends first, that his waiver in the plea agreement of the right to appeal did not apply to the order of restitution, and second, that the district court abused its discretion in ordering restitution in the amount of $89,705.90. We have jurisdiction under 28 U.S.C. Sec. 1291, and we dismiss the appeal.
 
 
 3
 Whether the appellant waived his statutory right to appeal is a matter of law we review de novo. United States v. Khaton, 40 F.3d 309, 311 (9th Cir. 1994). An express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991).
 
 
 4
 Norland contends that his waiver of the right to appeal in the plea agreement is ambiguous in that it did not specifically bar him from appealing an order of restitution. Norland's waiver provided that "the defendant knowingly waives the right to appeal any sentence within the [statutory maximum] ... or on any grounds whatever ...."
 
 
 5
 Before accepting the plea agreement, the district court informed the defendant that he could require restitution payments and stated "[i]n fact the plea bargain in this case contemplates restitution, and that could be a part of the sentence in this case. Do you understand that?" To which the defendant replied "[y]es, I do." The district court also stated "[n]ow, in this plea [agreement] you are waiving the right to appeal any sentence within the maximum provided by the statute in this case. Do you understand that?" To which the defendant replied "[y]es, your honor." Because Norland was informed that restitution could be a part of his sentence, the waiver to any appeal of his sentence clearly applied to the order of restitution.
 
 
 6
 Norland's sentence, including the payment of restitution, was in accordance with the terms of his plea agreement, and the waiver of the right to appeal was knowing and voluntary. He is precluded from appealing the sentence imposed. See Bolinger, 940 F.2d at 480. Thus, we do not reach the merits of Norland's restitution argument concerning the order of restitution.
 
 
 7
 Accordingly, Norland's appeal is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3