78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin POLLARD, aka: David Brensen, Defendant-Appellant.
 No. 94-50636.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1996.*
Decided Feb. 23, 1996.
 
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Pollard appeals his 78-month sentence under the Sentencing Guidelines following a guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). Pollard contends that the district court erred by enhancing his offense level three levels pursuant to U.S.S.G. § 2B3.1(b)(2)(E) for possession of a dangerous weapon during the bank robbery. He also contends that the district court erred by sentencing him to the high end of the applicable guidelines range. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The legality of a Guidelines sentence is reviewed de novo. United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988). The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995). The district court's factual findings are reviewed for clear error. Id.
 
 I.
 
 4
 Pollard argues that the district court misapplied § 2B3.1(b)(2)(E) by enhancing his offense level for possession of a pocket knife during a bank robbery. He asserts that the pocket knife was not a "dangerous weapon" within the meaning of the Guidelines. Pollard's contention lacks merit.
 
 
 5
 If a dangerous weapon was brandished, displayed, or possessed during a robbery the defendant's offense level is to be increased by three levels. U.S.S.G. § 2B3.1(b)(2)(E). "Dangerous weapon" for purposes of § 2B3.1(b)(2)(E) is defined in the Commentary to § 1B1.1 of the Sentencing Guidelines. Id., comment. (n. 1). " 'Dangerous weapon' means an instrument capable of inflicting death or serious bodily injury. Where an object that appeared to be a dangerous weapon was brandished, displayed or possessed, treat the object as a dangerous weapon." U.S.S.G. § 1B1.1, comment. (n. 1(d)). "The Government bears the burden of proving factors enhancing a sentence by a preponderance of the evidence." United States v. Young, 33 F.3d 31, 32 (9th Cir.1994).
 
 
 6
 Pollard appears to suggest that the enhancement under § 2B3.1(b)(2)(E) was inappropriate because his possession of the pocket knife was not discovered until after he was arrested and placed in custody. The Guidelines, however, mandate an enhancement under § 2B3.1(b)(2)(E) if a bank robber merely possesses a dangerous weapon during the robbery. See U.S.S.G. § 2B3.1(b)(2)(E) ("if a dangerous weapon is brandished, displayed, or possessed, increase by 3 levels") (emphasis added). Because Pollard admitted possession of the pocket knife, the application of § 2B3.1(b)(2)(E) was appropriate in this case. Additionally, the evidence indicates that Pollard was apprehended immediately after leaving the bank, and pointed the pocket knife at a security guard and bank operations manager during an attempted escape.
 
 
 7
 Pollard's assertion that the pocket knife was not a "dangerous weapon" within the meaning of § 2B3.1(b)(2)(E) is equally meritless. A dangerous weapon is an instrument capable of inflicting death or serious bodily injury. See U.S.S.G. § 1B1.1, comment. (n. 1(d)). A knife of any size is inherently a dangerous weapon if it is capable of inflicting stab wounds or cuts to the eyes, face, and other vital organs. Moreover, the record reflects that Pollard used the pocket knife in a manner which suggested that he believed the pocket knife was a weapon sufficiently dangerous to intimidate and assist in his escape attempt. Thus, the government met its burden of by a preponderance of the evidence that Pollard possessed a dangerous weapon during the bank robbery. See Young, 33 F.3d at 32.
 
 
 8
 Accordingly, the district court properly enhanced Pollard's offense level for possession of a dangerous weapon pursuant to § 2B3.1(b)(2)(E). See Basinger, 60 F.3d at 1409.
 
 II.
 
 9
 Pollard also contends that the district court sentenced him to the high end of the Guidelines range based on factors which were inappropriately considered in determining his sentence. This contention lacks merit.
 
 
 10
 The district court, in determining a particular sentence to be imposed, shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1) (1985). Consideration should also be given to the need of the sentence imposed "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). "Purely discretionary decisions authorized by the Guidelines, such as the refusal to depart ... or the choice of sentence within the guidelines range, are not reviewable on appeal." United States v. Khaton, 40 F.3d 309, 311 (9th Cir.1994).
 
 
 11
 Here, Pollard's Guidelines range was set at 63 to 78 months based upon an offense level of 24 and a criminal history category of III. The district court sentenced Pollard to 78 months, citing public safety as a factor and reasoning that it must safeguard the people of this community from a "very clear danger" that Pollard presented to the community. The court noted that Pollard had been convicted of prostitution at time when Pollard knew he was HIV (Human Immunodeficiency Virus) positive. Pollard was advised in 1980 that he was HIV positive and was subsequently convicted for four offenses involving lewd acts and prostitution.
 
 
 12
 Public safety is clearly one of the factors the district court may consider when imposing sentence. See 18 U.S.C. § 3553(a)(2)(C). There is no evidence to suggest that the district court was sentencing Pollard to the high end of the Guidelines range solely on the basis of his being HIV positive as Pollard suggest. Because Pollard was aware that he was HIV positive, the district court's consideration of that factor in light of Pollard's prior convictions for four prostitution related offenses, was not improper. See Pomazi, 851 F.2d at 247.
 
 
 13
 Accordingly, the district court's purely discretionary decision to sentence Pollard to the high end of the applicable guidelines range is not reviewable on appeal. See Khaton, 40 F.3d at 311.[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Moreover, because the span of Pollard's sentencing range was less than 24 months, the district court was not required to state reasons for imposing a sentence within that range. See United States v. Howard, 894 F.2d 1085, 1092 (9th Cir.1990); 18 U.S.C. § 3553(c)(1) (West Supp.1995) ("A sentencing court need only provide reasons for its choice of sentence if the span of the particular range involved exceeds twenty-four months")