103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sean DURANT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anibal CARDONA-HERNANDEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar Alvarez RAMIREZ, Defendant-Appellant.
 Nos. 95-50429, 95-50470 and 95-50517.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1996.
Decided Dec. 05, 1996.
 
 Before: BROWNING, THOMPSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The defendants-appellants Durant, Ramirez, and Cardona-Hernandez pleaded guilty to a conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. They appeal their sentences. We affirm the sentences of Durant and Ramirez. We vacate Cardona-Hernandez's sentence and remand his case to the district court for resentencing.
 
 
 3
 * Durant
 
 
 4
 The district court did not err in finding that Durant was not a "minor participant" under United States Sentencing Commission Guidelines Section 3B1.2. This is true whether we review for "clear error" or an "abuse of discretion."
 
 
 5
 Even where a defendant is less culpable than his co-participants, he is not automatically entitled to a reduction for minor participant status. United States v. Benitez, 34 F.3d 1489, 1499 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995); United States v. Andrus, 925 F.2d 335, 338 (9th Cir.1991), cert. denied, 502 U.S. 889 (1991). An adjustment is warranted only where the defendant plays a role in the offense which makes him "substantially less culpable than the average participant." USSG § 3B1.2, comment. (backg'd); Benitez, 34 F.3d at 1499; Andrus, 925 F.2d at 337. This determination "is heavily dependent upon the facts of the particular case." USSG § 3B1.2, comment. (backg'd).
 
 
 6
 Here, the probation officer concluded that Durant did not qualify for the minor participant adjustment. Durant played a vital role in procuring the airplane that he knew would be used to transport more than two hundred kilograms of cocaine from California to New York. He brought the cocaine to his house and helped pack it into duffle bags. He then drove with the cocaine to the airport, helped load the cocaine onto the airplane, and boarded the airplane intending to fly with the cocaine to New York. On a prior occasion, Durant rented an airplane and flew drug proceeds from New York to California for the same coconspirators.
 
 
 7
 Durant points out that pursuant to his plea agreement, the government recommended that the court grant Durant a two-level reduction for his minor role in the offense. The guidelines, however, provide that a court is not bound by a stipulation contained in a plea agreement. USSG § 6B1.4, comment.; see also United States v. Howard, 894 F.2d 1085, 1089 (9th Cir.1990). Rather, the court should "consider the stipulation, together with the results of the presentence investigation, and any other relevant information." Id. This is what the district court did.
 
 
 8
 On the record before us, we cannot say the district court clearly erred or abused its discretion in denying Durant a two-level downward adjustment for minor participant status.[1]
 
 
 9
 We affirm Durant's sentence.
 
 II
 Ramirez
 
 10
 The district court did not err in determining that Ramirez was not entitled to minimal or minor participant status under guideline section 3B1.2. He worked directly for the ring leaders and he recruited Durant into the conspiracy. Further, reliable and admissible evidence supports the finding that he sold three kilograms of cocaine to finance the rental of the airplane.
 
 
 11
 The district court granted Ramirez a two-level reduction under USSG § 3E1.1(a), but denied Ramirez's request for an additional one-level reduction under guideline section 3E1.1(b). The district court correctly ruled that Ramirez was not entitled to the additional one-level reduction because his acceptance of responsibility came too late and was not complete. He pleaded guilty to the offense only one day before trial was scheduled to begin, after the government had already substantially prepared for trial. Further, he did not provide complete information as to his participation in the conspiracy; he never told authorities that he sold three kilograms of cocaine to finance the rental of the airplane. Although the district court did not make explicit findings with regard to these matters, before imposing its sentence the court heard and considered the evidence and these facts are clear from the record.
 
 
 12
 Nor did the district court err in determining that Ramirez was not entitled to a reduction under guideline section 2D1.1. To be eligible for a downward departure under section 2D1.1, a defendant must qualify for a mitigating role adjustment. See USSG § 2D1.1, comment. (n. 14). Ramirez did not qualify because he was not a minor or minimal participant.
 
 
 13
 The district court's refusal to apply the safety valve provision under guideline section 5C1.2 is moot. Because we determine that the district court did not err in denying a mitigating role adjustment or the third-level acceptance-of-responsibility adjustment, Ramirez's total offense level was 36. (He had a base offense level of 38, reduced by two levels for acceptance of responsibility.) The lowest sentence in the guideline range for an offense level 36 (188 months) exceeds the statutory minimum sentence of ten years. In these circumstances, the safety valve provision is irrelevant.
 
 
 14
 We do not have jurisdiction to hear Ramirez's arguments that the district court abused its discretion (1) by denying a downward departure under guideline section 5K2 based on "aberrant behavior" and (2) by denying a downward departure based on a "convergence of factors." These were discretionary determinations by the district court, by which it refused to depart downward. We do not have jurisdiction to review a sentencing court's discretionary refusal to depart downward from the guidelines. United States v. Ruelas, 96 F.3d 1324, 1328 (1996); United States v. Sablan, 92 F.3d 865, 870 (9th Cir.1996); United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995); United States v. Khaton, 40 F.3d 309, 311 (9th Cir.1994); United States v. Eaton, 31 F.3d 789, 792-93 (9th Cir.1994).
 
 
 15
 We affirm Ramirez's sentence.
 
 III
 Cardona-Hernandez
 
 16
 When the district court sentenced Cardona-Hernandez it failed to comply with Federal Rule of Criminal Procedure 32(c)(1) by not resolving the disputed facts contained in the presentence report. Rule 32(c)(1) provides in pertinent part:
 
 
 17
 At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and must rule on any unresolved objections to the presentence report.... For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing.
 
 
 18
 Fed.R.Crim.P. 32(c)(1) (emphasis added).
 
 
 19
 At his sentencing hearing, Cardona-Hernandez objected to several factual matters in the presentence report. These matters related to Cardona-Hernandez's motivation for engaging in criminal activity and the extent of his involvement in the conspiracy. The government disputed these objections.
 
 
 20
 Before imposing Cardona-Hernandez's sentence, however, the district court failed to make any findings on these disputed factual matters, and failed to state that the disputed matters would not be taken into account in sentencing. Immediately after the parties stated their positions with respect to the disputed facts, the district court stated that there was "no legal cause why sentence should not now be imposed" and immediately sentenced Cardona-Hernandez to a 323-month prison term.
 
 
 21
 In United States v. Fernandez-Angulo, 897 F.2d 1514 (9th Cir.1990) (en banc), we held that a violation of former Rule 32(c)(3)(D), identical to the violation at issue here, required us to vacate the defendant's sentence and remand for resentencing. Id. at 1516. We stated:
 
 
 22
 Strict compliance with the Rule is required. We have consistently and frequently stated that when the district court failed to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for resentencing. We approve of those cases and hold that when the defendant challenges the factual accuracy of any matters contained in the presentence report, the district court must, at the time of sentencing, make the findings or determinations required by Rule 32. If the district court fails to make the required findings or determinations, the sentence must be vacated and the defendant resentenced.
 
 
 23
 Id. (emphasis added) (internal footnotes omitted). In light of Fernandez-Angulo, we vacate Cardona-Hernandez's sentence and remand to the district court to make the necessary findings of fact or determine that it will not rely on the disputed facts in sentencing Cardona-Hernandez.
 
 
 24
 We remand Cardona-Hernandez's case to Judge Real. Absent proof of personal bias on the part of the district judge, we will remand to a different judge only under unusual circumstances. Medrano v. City of Los Angeles, 973 F.2d 1499, 1508 (9th Cir.1992), cert. denied, 508 U.S. 940 (1993). Those circumstances are not present in this case.
 
 
 25
 On remand Cardona-Hernandez may file his motion for a downward departure based on his "imperfect duress" argument. We express no opinion on how the district court should treat this motion if it is presented. In any event, however, this renders moot Cardona-Hernandez's arguments that (1) the district judge erred by denying his request for another continuance of the sentencing hearing so he could present the imperfect-duress argument, (2) the district judge erred by failing to rule on the motion for a downward departure based on imperfect duress, and (3) he received ineffective assistance of counsel because his counsel failed to file a motion for downward departure based on imperfect duress.
 
 
 26
 The limited waiver-of-appeal provision in Cardona-Hernandez's plea agreement precludes us from considering his argument that the district court improperly failed to state the court's reasons for imposing a sentence midway between the upper and lower guideline limits.
 
 
 27
 Cardona-Hernandez was not denied due process of law based on a combination of errors. We find only one error here, the Rule 32 violation, and remand to the district court to correct that.
 
 
 28
 Cardona-Hernandez's sentence is vacated and remanded to Judge Real for resentencing in accordance with this order.
 
 
 29
 AFFIRMED as to Durant and Ramirez. Cardona-Hernandez's sentence is VACATED and his case is REMANDED to the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Durant's double jeopardy argument, which he asserted in his brief, is foreclosed by the Supreme Court's holding in United States v. Ursery, 116 S.Ct. 2135, 2139-40 (1996)