103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lavern CLARK, Defendant-Appellant.
 No. 96-50245.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 6, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lavern Clark appeals her 37-month sentence imposed following her guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Clark contends that the district court abused its discretion by refusing to depart downwards on the grounds that her criminal history category overrepresented the seriousness of her past convictions. Because Clark expressly waived her right to appeal, we dismiss.
 
 
 3
 Clark's plea agreement included a waiver of appeal which stated in pertinent part:
 
 
 4
 [Y]ou knowingly and voluntarily waive your right to appeal any sentence imposed by the Court and the manner in which the sentence imposed by the Court and the manner in which the sentence is determined, so long as your sentence is within the statutory maximum specified above.
 
 
 5
 The statutory maximum specified in the plea agreement was twenty years, a five-year period of supervised release, a fine of $1,000,000, and a special assessment of $50. Because the sentence imposed on Clark was within these terms, we dismiss this appeal. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991) (enforcing waiver of appeal where the district court sentenced defendant to term within range specified in plea agreement); see also United States v. Khaton, 40 F.3d 309, 311-12 (1994) (dismissing appeal where claims fall outside scope of issues appealable under terms of waiver of appeal).[1]
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Clark's contention that contracts containing appellate waivers are "illusory" and "contracts of adhesion." See United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir.1990) (rejecting due process and "public policy" challenges to appellate waivers and noting that "public policy strongly supports" plea agreements containing such waivers)