114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roel ANGULO-FELIZ, Defendant-Appellant.
 No. 96-50465.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 21, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roel Angulo-Felix appeals the sentence that the district court imposed following his guilty plea to conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & 846. He contends that the district court erred by failing to apply the U.S.S.G. § 5C1.2 safety-valve provision. He also argues that the district court abused its discretion by declining to continue his sentencing hearing. We affirm.
 
 
 3
 I. Waiver Of Right To Appeal.
 
 
 4
 As a preliminary matter, we note that Angulo-Felix did not, as the government asserts, waive in his plea agreement his right to bring this appeal.[1] The agreement states that he may not appeal his sentence unless the "court imposes a custodial sentence greater than the high end of the offense level recommended by the Government," and that he may appeal if the district court sentences him beyond "the high end of that range." The judge sentenced Angulo-Felix beyond the 78-97 month guideline range for the recommended offense level of 28 because the judge applied the mandatory minimum sentence of 120 months. The government asserts that, because pursuant to the agreement it declined to recommend the safety-valve reduction, the mandatory minimum became the "guideline range." But the agreement says nothing about mandatory minimums, and instead indicates that the defendant may appeal if he is sentenced outside of a certain "range." See United States v. Rodriguez-Martinez, 25 F.3d 797, 799 (9th Cir.1994). We interpret such ambiguities against the government. See United States v. De La Fuente, 8 F.3d 1333, 1338-39 (9th Cir.1993).
 
 
 5
 II. Safety-Valve Provision.
 
 
 6
 Angulo-Felix argues that the district court clearly erred[2] in determining that he had not been fully truthful in his disclosures to the government, and thus declining to apply the safety-valve provision. See U.S.S.G. § 5C1.2(5). First, the district court did not, as he asserts, fail to make specific findings to support its decision. See United States v. Real-Hernandez, 90 F.3d 356, 360 (9th Cir.1996). The district court specifically found that Angulo-Felix was evasive during his debriefing, that he omitted crucial facts from his statements, and that his last-minute written statement was incomplete. Second, the court did not apply an "incorrect standard" in making its determination. The court properly considered the arguments of "both counsel" and found more persuasive the government's assertions regarding specific facts that Angulo-Felix had not been forthright with. See Ajugwo, 82 F.3d at 929 (indicating that court may consider information from various sources to evaluate defendant's truthfulness). Third, the district court was within its discretion[3] in declining to hold an evidentiary hearing on the issue of Angulo-Felix's truthfulness. He never requested a hearing, and the court provided him a reasonable opportunity to present information at sentencing. See United States v. Real-Hernandez, 90 F.3d 356, 362 (9th Cir.1996).
 
 
 7
 III. Continuance.
 
 
 8
 The district court did not abuse its discretion[4] by refusing to continue the sentencing hearing so that Angulo-Felix could meet with the government once more to try to fulfill the safety-valve provision's requirements. The district court had, as he asserts, the power to grant such a continuance. See Real-Hernandez, 90 F.3d at 360. But, given the government's indication that it would not meet with Angulo-Felix, the district court was within its discretion in concluding that a continuance was fruitless. See Wills, 88 F.3d at 711.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We review de novo whether a criminal defendant has waived the right to appeal his or her sentence. United States v. Khaton, 40 F.3d 309, 311 (9th Cir.1994)
 
 
 [2]
 We review for clear error the district court's factual determination whether a particular defendant is eligible for the safety-valve provision. United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir.1996), cert. denied, 117 S.Ct. 742 (1997)
 
 
 [3]
 We review for abuse of discretion the district court's decision whether to hold an evidentiary hearing. United States v. Montoya, 45 F.3d 1286, 1291 (9th Cir.1995)
 
 
 [4]
 We review for abuse of discretion a district court's decision whether to grant a continuance. United States v. Wills, 88 F.3d 704, 711 (9th Cir.), cert. denied, 117 S.Ct. 499 (1996)