**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Odalis Enrique NUNEZ, Defendant–**
**Appellant.**

**No. 00–30268.**

**D.C. No. CR–00–00008–a–JKS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2001.*

Decided Aug. 31, 2001.

Before SCHROEDER, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM **

## I.  PROOF OF PRIOR CONVICTIONS

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

■ *Apprendi*[1] did not overrule *Almendarez–Torres*.[2] Under *Almendarez–Torres*, the Government was not required to prove Nunez's prior felony convictions beyond a reasonable doubt.[3]

By their terms, the Federal Rules of Evidence do not apply at sentencing.[4] Thus, the district court did not err in allowing the Government to prove Nunez's two California convictions with certified copies of court records which were not entitled "Judgment of Conviction." Moreover, even if it had erred, that error would be harmless.[5] Subtracting the six criminal history points that are arguably attributable to these two convictions would still leave Nunez with a criminal history of thirteen. Thus, his criminal history category of VI would remain unchanged.[6]

## II. PRODUCTION OF COURT TRANSCRIPTS

■ The district court did not abuse its discretion[7] in refusing to order the Government to produce court transcripts from Nunez's prior convictions. As the district court took pains to explain, if the records of conviction the Government produced are inaccurate, Nunez must seek correction from the states that allegedly committed the errors. He may not collaterally attack his state convictions in a federal sentencing proceeding.[8]

## III. OFFENSE CONSOLIDATION UNDER U.S.S.G. § 4A1.2

■ Because Nunez did not object to the district court's tally of his offenses, we review his claim that the district court failed to properly consolidate prior offenses for plain error.[9] "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)."[10] Nunez's two Rhode Island drug offenses and his three Florida drug offenses were all the product of separate arrests. The fact that Nunez repeatedly committed drug trafficking crimes in the same two states in a short period of time does not inure to his benefit.

## IV. FAILURE TO DEPART DOWNWARD

"Purely discretionary decisions authorized by the Guidelines, such as the refusal to depart from the Sentencing Guidelines or the choice of sentence within a guideline range, are not reviewable on appeal."[11]

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

2. *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Arrellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001).

3. *Arellano–Rivera*, 244 F.3d at 1127 (quoting *United States v. Pacheco–Zepeda*, 234 F.3d 411, 415 (9th Cir.2000)).

4. Fed.R.Evid. 1101(d)(3).

5. *See, e.g., United States v. Allen*, 153 F.3d 1037, 1045 (9th Cir.1998) (holding that error in criminal history calculation was harmless because correcting it would have no impact on the guideline range calculation); *United*

*States v. Sanders*, 41 F.3d 480, 485 (9th Cir. 1994) (same).

6. *See* United States Sentencing Commission, *Guidelines Manual*, Ch.5, Pt.A (Nov.2000).

7. *United States v. Chon*, 210 F.3d 990, 994 (9th Cir.), *cert. denied, Chae Wan Chon v. United States*, 531 U.S. 910, 121 S.Ct. 259, 148 L.Ed.2d 187 (2000).

8. *Custis v. United States*, 511 U.S. 485, 497, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).

9. *United States v. Matsumaru*, 244 F.3d 1092, 1102 (9th Cir.2001).

10. U.S.S.G. § 4A1.2, comment. (n.3).

11. *United States v. Khaton*, 40 F.3d 309, 311 (9th Cir.1994).

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

"We generally do not hear cases of ineffective assistance of counsel on direct appeal, and there is no reason to diverge from this practice here."[12]

AFFIRMED.

---

**12.** *United States v. Gaither,* 245 F.3d 1064, 1069 (9th Cir.2001) (internal citation omitted).

